KINEALY v. MACKLIN et al., Appellants.

**Appeal**: PARTY AGGRIEVED. A purchaser of land at execution sale brought suit in the St. Louis circuit court to have a deed to the land made by the execution debtor set aside as fraudulent. Upon a hearing an interlocutory decree was enterd, finding the issues for the plaintiff, and providing that the deed should be set aside, unless the defendants should, within a time fixed, pay into court the amount of the execution debt and costs. This having been done, plaintiff's suit was dismissed. Thereupon both parties appealed to the general term of the circuit court, where the decree was reversed for the error of the court in permitting defendants to retain the land upon paying the debt, and the cause was remanded. That court had power, if it saw fit, to enter such a decree as the circuit court should have entered. Upon appeal taken by the plaintiff from the judgment of the general term, *Held*, that he was not aggrieved by that judgment, and had no right to appeal.

*Appeal from St. Louis Court of Appeals.*

The case is reported in 2 Mo. App. 241.

*Thoroughman & Warren* for appellants.

No appeal lay from the so-called interlocutory order, but defendants duly excepted to it, and when the final judgment was rendered, they, as well as the plaintiff, appealed to general term. General term in all things reversed the judgment and remanded the cause, and plaintiff alone appealed to this court—from what? It cannot be said his appeal was from the judgment of reversal for that was in his favor, and nothing is better settled than that a party cannot appeal from a judgment in his favor. *Holton v. Ruggles*, 1 Root (Conn.) 318; *Raymond v. Barker*, 2 Id. 370; *Addix v. Fahnestock*, 15 Ill. 448; *Doub v. Hauser*, 7 Ired. (N. C.) 167; Hiliard on New Trials (2 Ed.) 718. The only thing from which it can be claimed the appeal was taken, was the failure or refusal of general term to proceed to enter up an original decree, and this we insist was a matter entirely within the discretion of general term, which

will not be reviewed in this court. Laws applicable to St. Louis county, p. 81; Sess. Acts 1869, p. 17; *Ledyard v. Phillips*, 32 Mich. 138; *Hale v. Clauson*, 60 N. Y. 339; *Doggett v. Lane*, 12 Mo. 215; *Baker v. White*, 2 Otto 176; *Wheeler v. Smith*, 13 Iowa 564; *People v. Northern R. R. Co.*, 53 Barb. 98; *Smith v. Billett*, 15 Cal. 23. The judgment at general term reversed and arrested that at special term against plaintiff, and left nothing to appeal from. No appeal lay except from final judgment. Laws applicable to St. Louis county, p. 81, p. 72, § 17; *Garesche v. Emerson*, 31 Mo. 258; *Bybee v. Maxwell*, 43 Mo. 209; *Myerson v. Howe Ins. Co.*, 15 Fla. 574.

*M. Kinealy* with *Dryden & Dryden* for respondent.

When the general term concluded to order a new trial, no matter what other course they might have taken, they made an order which put the case out of that court, which consequently, could be appealed from by the party aggrieved. *Strouse v. Drennan*, 41 Mo. 290; Acts 1869, p. 18, § 2. The right of appeal is purely statutory. *Barth v. Rosenfield*, 36 Md. 604; 1 Maddock Ch. Pr. p. 572; *Clark v. Brooks*, 2 Abb. Pr. (N. S.) 385, 406. It has always been the practice to allow an appeal from one part of a decree though the residue thereof was favorable to the party appealing. 1 Van Santvoord's Eq. Pr. p. 653; *McCabe v. Farnsworth*, 22 Mich. 53; *Foley v. Whittaker*, 26 Ark. 95; *Hurck v. Erskine*, 50 Mo. 119; *State v. Newkirk*, 49 Mo. 472. Plaintiff was aggrieved by the remand for a new trial, because, under the circumstances, it was a departure from the settled practice of appellate courts in equity cases, and because it was compelling the plaintiff to incur the annoyance, delay and great expense of another trial of a case already fully tried, and without a single suggestion on the record that any more evidence could be adduced to support defendant's case on another trial. *Gale v. Grannis*, 9 Ind. 143; *Carney v. Emmons*, 9 Wis. 118; *Le Guen v. Gouv-*

*erneur*, 1 John. Cases 436; *Beebe v. Bank of New York*, 1 John. 529; *Chaplin v. Bree*, 7 Brown Par. Cases 204; *Union Bank v. Jones*, 4 La. Ann. 220.

SHERWOOD, C. J.—The plaintiff, having purchased at execution sale the interest of Patrick Macklin in certain real estate, brought this suit to divest the title out of defendants and to vest it in himself. Upon a hearing had, an interlocutory decree was entered, finding the issues for plaintiff, and providing that the deed to Haydell, the trustee of the wife, should be set aside as prayed, unless the defendants would, in a fixed time, pay the amount of the judgment under which plaintiff bought, as well as costs, and further providing that, upon such payment being made into court, plaintiff's petition should be dismissed; otherwise a decree should be entered for plaintiff setting aside the deed to Haydell. Upon objections duly made, defendants paid the money into court, and thereupon the petition was dismissed. From this judgment both parties appealed; the plaintiff, because regarding himself as entitled to a decree for the land; the defendants, because compelled to pay the money. At general term both appeals were heard, and judgment rendered reversing that of special term, and remanding the cause. Plaintiff, alone, appealed to the St. Louis Court of Appeals, where judgment was rendered in his favor as prayed in the petition. Defendants have, from that judgment, appealed to this court.

The statute, in force when the appeal was taken from the judgment of the general term, provided:   *    *    * said court may, at general term, award a new trial, reverse or affirm the judgment rendered, or decree or order made at special term, or give such judgment as the court at special term ought to have given, as to them shall seem agreeable to law. But from such award of a new trial, and from any judgment rendered, or decree or order made at general term, reversing or modifying a judgment, decree or order made at special term, the party or parties

aggrieved thereby may appeal to the Supreme Court in the same manner, and with the like effect, as provided for by law in respect to appeals from final judgments rendered by said court at general term. (Acts 1869, p. 18.) It will be observed that similar language is employed as to the power of this court, when a cause is brought before us, thus : "The Supreme Court, in appeals or writs of error, shall examine the record and award a new trial, reverse or affirm the judgment or decision of the circuit court, or give such judgment as such court ought to have given, as to them shall seem agreeable to law." (2 Wag. Stat., 1068, § 34.) And section 45, (2 Wag. Stat., p. 1069,) in relation to appeals, gives recognition to the right of this court, to direct what judgment the circuit court shall render, or to affirm the judgment of such court only in part. This court is in the constant exercise of the powers above noted, and, in their exercise, it may simply affirm a judgment, give such judgment as ought to have been given, enter a modified judgment, reverse the judgment, reverse the judgment and remand the cause, or reverse and remand with directions to the lower court to enter a specified judgment; so that it will be readily seen that aside from judgments simply of reversal or affirmance, a wide latitude of discretion belongs to this court in its disposal of causes. Obviously, the same discretionary margin was allowed to the general term, at the time under consideration. This being the case, the only difference resulting from the exercise of such powers, by the different appellate tribunals, is that, from the judgments rendered by the general term, an appeal lay, where a party was "aggrieved" by the judgment. Now, it is plain enough, that if, on the first appeal, general term had entered such a judgment as the court below ought to have entered for plaintiff, or had appropriately modified the judgment, plaintiff would in no sense have been "aggrieved," and consequently, under the terms of the statute, would have possessed no right of appeal. But it must be remembered that general term, by the express statutory

language quoted, has precisely the same discretionary power to reverse and remand, as it has to dispose of a cause in the other modes above mentioned. A party cannot be said to be " aggrieved," unless error has been committed against him. The complaint of the plaintiff when closely scrutinized, is not that the general term erred, but that it would not have erred had it gone further, and entered a suitable decree. No doubt the latter course would have been the more appropriate one, but under the discretion conferred by the statute, it was entirely optional with the general term what course of those named, it should pursue ; as much so, as though this court were engaged in the exercise of similar functions. Besides, the effect of the judgment of general term was practically as beneficial in its results to plaintiff, as though a judgment of reversal and remanding had occurred, accompanied by directions to enter the proper judgment, because, that judgment, of necessity, informed the court at special term, that it had erred in requiring the plaintiff to accept the money instead of the land, and in dismissing his petition for failure to accept the unwarrantable alternative.

The law seems to be well settled that a party cannot take an appeal from a judgment in his own favor. (*Holton v. Ruggles,* 1 Root 318 ; *Raymond v. Barker,* 2 Id. 370 ; *Ringold v. Barley,* 5 Md. 186 ; Hilliard on N. T. p. 600, § 104) In *Strouse v. Drennan,* (41 Mo. 290,) the judgment of the district court reversed the judgment of the circuit court, which went in favor of plaintiff, and of course, he was aggrieved, and hence had the right of appeal. This case followed that of *Rankin v. Perry,* (5 Mo. 501,) where the plaintiff, beaten in the county court, took the case to the circuit court ; on error there, the judgment was reversed and the cause remanded ; and held that defendants, having succeeded in the county court, were aggrieved by the judgment of reversal, (a final one,) rendered in the circuit court, and hence, had a right of appeal to this court. But this court would scarcely have held that the

plaintiff, in that instance, would have been entitled to an appeal from the judgment in his favor, because the circuit court did not go further and enter judgment for him, or direct the county court to do so. If the defendants had appealed from the judgment of general term, as they might well have done, since the judgment of that court went against them, the Court of Appeals might properly have proceeded to determine the cause upon its merits; but, as this was not the case, their motion to dismiss should have prevailed; and we reverse the judgment there rendered against them, and remand the cause to the St. Louis circuit court. All concur.

REVERSED.