## Illinois Central Railroad Company v. Seibold.

(Decided October 7, 1914.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Third Division).

1. Trial—Final Submission to Jury—Section 371, Civil Code.—Under Section 371, Civil Code, there can be no final submission of a case to the jury until all the questions of law have been disposed of by the court, instructions and papers pertaining to the case have been actually delivered to the jury, and they are authorized, without further interposition or control of the court, to proceed to a judicial examination of the issue of fact submitted to them.

2. Dismissal and Non-suit—Voluntary Dismissal—Section 371, Civil Code.—Where a motion for a peremptory has been sustained, a verdict written out and the foreman of the jury directed to sign it, this will constitute a final submission of the case to the jury.

within the meaning of Section 371, Civil Code, and plaintiff cannot then dismiss the action without prejudice.

3. Dismissal and Non-Suit—Discretion of Trial Court.—An action may be dismissed without prejudice by plaintiff only under the circumstances prescribed by the code, and where it is too late to enter such a motion, the trial court is without discretion to entertain or pass on such a motion.

TRABUE, DOOLAN & COX, BLEWETT LEE and R. V. FLETCHER for appellant.

S. L. TRUSTY, CHAS. B. SEYMOUR and POPHAM, TRUSTY & ROOSE for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

In December, 1911, plaintiff, Ernest Seibold, a car repairer, was struck and injured by a wrench which he charged was negligently permitted to fall upon his head and shoulders by another employe of the defendant on another train. Subsequently he amended his petition and made the other employe a party defendant, and also alleged that the defendants were engaged, and he himself was employed, in interstate commerce at the time of the injury. A jury was empanelled and evidence heard, and what thereafter took place is best shown by the following order entered by the trial court:

"At the conclusion of the testimony for the plaintiff, defendant, Illinois Central Railroad Company, by counsel, moved the court to peremptorily instruct the jury to find a verdict for it, to which the plaintiff objects.

"The court being advised, ordered said motion be and is sustained, to which the plaintiff excepts.

"At the conclusion of the evidence for the plaintiff, the defendant, Illinois Central Railroad Company, moved the court to instruct the jury peremptorily to find a verdict in its behalf, to which motion plaintiff objected, and after argument and while said motion was under consideration the plaintiff moved the court to withdraw and dismiss without prejudice so much of plaintiff's action as sought a recovery under the Federal Employers' Liability Statute, to which withdrawal and dismissal without prejudice the defendant, Illinois Central Railroad Company, objected and the court overruled its objections and sustained plaintiff's said motion and so much of said action as seeks recovery under the Federal statute

against the defendant, Illinois Central Railroad Company, is now withdrawn and dismissed without prejudice to a future action, to which order of the court the defendant, Illinois Central Railroad Company, excepts.

"Thereupon, the court being advised, sustained defendant's motion to peremptorily instruct the jury to find a verdict for the defendant, Illinois Central Railroad Company, upon the issues remaining in the case, and instructed the jury accordingly in these words:

" 'After a careful consideration of the arguments advanced by counsel, on the state of facts as made by the plaintiff, in his proof here, the court is satisfied that the plaintiff has not sustained the burden which the law places upon him to show certain facts. So much of plaintiff's action as asserts his right of recovery under the Federal statute has been withdrawn by the plaintiff. As the amendment which asserted that right, and which brought in Mr. Ben Flood as a defendant in this case, was filed more than a year after the time the injuries complained of were received, and as the plaintiff has undertaken to withdraw from the consideration of the court and the jury his rights under that statute, it necessarily follows that Mr. Flood, who could not be sued, except within a year's time, must go out of the case, and the court therefore instructs you peremptorily, for that reason, to find in his favor. As to the right of the plaintiff to recover under the State law, the court, after careful consideration, is satisfied that the plaintiff has not sustained the burden placed upon him by law, and it is. my duty, in view of that fact, to instruct you peremptorily, also to find in favor of the defendant, the I. C. R. R. Co.'

"To which the plaintiff excepted and after the verdict had been written out by the clerk in these words:

" 'We, the jury, under peremptory instructions from the court, find for the defendants, Illinois Central Railroad Company and Ben Flood.'

"And while it was being signed by Herman Ohmann as foreman, and as the clerk was waiting for the foreman's signature to be completed, the plaintiff moved the court to dismiss the action without prejudice as to the issues submitted to the jury under above instructions, to which motion the defendant, Illinois Central Railroad Company, objected, and it moved the court to receive the verdict and to dismiss said action absolutely,

to which plaintiff objected, and the court overruled said motion of defendant and sustained the motion of plaintiff to dismiss said action without prejudice as to the issues submitted to the jury, to all of which the defendant, Illinois Central Railroad Company, objected and excepted in so far as its motions were overruled and plaintiff's motions were sustained and the action was dismissed without prejudice as above.

"The court, on motion of defendant, Illinois Central Railroad Company, now enters upon the record fully the matters above set forth for use on appeal.

### JUDGMENT.

"It is therefore now adjudged in accordance with the motions aforesaid by the plaintiff that his action be dismissed without prejudice and that the defendants, Illinois Central Railroad Company and Ben Flood, each separately recover herein against the plaintiff, Ernest Seibold, its or his costs herein expended, and may have execution therefor.

"To so much of the order and judgment herein entered as denies the motion of the Illinois Central Railroad Company to receive the verdict of the jury, and to dismiss said action absolutely, and as provides for a dismissal of said action without prejudice, upon the motion of the plaintiff, the Illinois Central Railroad Company, objects and excepts and it prays an appeal to the Court of Appeals, which is granted."

Section 371, Civil Code, provides:

"An action, or any cause of action, may be dismissed without prejudice to a future action.

"1.   By the plaintiff, before the final submission of the case to the jury, or to the court, if the trial be by the court.

"2.   By the court—

"a.   If the plaintiff fail to appear at the trial.

"b.   For the want of necessary parties.

"c.   On the application of a defendant, if there be others whom the plaintiff fails to prosecute with diligence.

"d.   For disobedience by the plaintiff of an order concering the proceedings in the action.

"In all other cases, upon the trial of the action, the decision must be upon the merits."

In construing the foregoing code provision, this court has held that strictly and properly there can be no final submision of the case to the jury until all questions of law have been disposed of by the court, and the instructions and papers pertaining to the case have been actually delivered to the jury, and they are authorized, without further interposition or control of the court, to proceed to a judicial examination of the issue of fact submitted to them. Vertrees' Admr. v. Newport News, etc., Co., 95 Ky., 314. In Duffy v. Glucose Sugar Refining Co., 141 Fed., 206, the case arose under the Iowa code, which is similar to ours, upon the same state of facts here presented. In passing on the question the court said:

"If the jury had left their seats for their room for a deliberation, it is clear that there would have been a 'final submission.'

"In the case at bar the jury was not allowed to go to a room. On their part there was to be no deliberation. Plaintiff's counsel heard the reasons given by the court why in his opinion no case had been made. He then heard the direction to one of the jurors to sign the verdict. He saw the foreman walk forward to sign, and then, when the foreman was signing, for the first time suggested a purpose to dismiss. And in the case at bar I can see no difference whatever between what in fact was going on and if the jury had among themselves in the jury box, or in a room, had directed the foreman to sign and he was in the act of signing when the dismissal was moved. * * *

"I fail to see what more there was to be done in the case at bar, except for the jury or someone for them to announce the verdict they were directed to return; and, that being so, I believe the case had been finally submitted when the motion to dismiss was made. It was then too late."

In the case of Dobkins v. Dittmers (N. J.), 69 Atl., 1013, the court, after argument on a motion for a directed verdict, sustained the motion and instructed the jury to find for the defendant, whereupon plaintiff moved for a non-suit. The court held that the motion for non-suit came too late. In the course of the opinion, the court said:

"The common law right of a plaintiff to submit to a voluntary non-suit at any time before the final rendition of the verdict has been contracted by the 160th section of

our Practice Act (P. L. 1903, p. 580), which provides that 'the plaintiff shall have no right to submit to a non-suit after the jury have gone from the bar to consider their verdict.'

"On the facts submitted in the present case the sit- uation is the same, in contemplation of law, as if the jury, after receiving the charge of the court, had conferred together without leaving the box, and announced to the court that they had agreed upon their verdict. The jury have gone from the bar, within the meaning of that phrase in the statute, when they have actually entered upon the consideration of their verdict, whether such action takes place within the precincts of the court room or in some other place provided for their use. Under the practice prevailing at common law the plaintiff was enabled to take advantage of knowledge acquired by him as to the result of the deliberation of the jury by per- mitting them to render their verdict in case it was in his favor, and preventing them from doing so in case it was adverse to him. Undoubtedly, one of the purposes of the Legislature in the curtailing of this power was to prevent a plaintiff from depriving a defendant of the benefit of a verdict which had been found in his favor. To hold he may still do so, unless the members actually walk out of the presence of the court before agreeing upon their verdict, is to emasculate the statute."

In the case under consideration the court had sus- tained the motion for a peremptory. The following ver- dict had been written out: "We, the jury, under per- emptory instructions from the court, find for the de- fendants, Illinois Central Railroad Company and Ben Flood." One of the members of the jury had been di- rected to act as foreman and sign the verdict. We there- fore conclude that there had been a final submission of the case to the jury within the meaning of the code.

But counsel for plaintiffs insist that the code provi- sion simply limits the time within which the plaintiff may as a matter of right dismiss the action without prejudice, and does not prevent the trial court from exercising a reasonable discretion in the matter. It is true that the Kansas and Arkansas courts so hold. Dickerman v. Crane, 57 Pac., 305; Ashmead v. Ashmead, 23 Kas., 262; St. Louis, S. W. R. Co. v. White Sewing Machine Co., 69 Ark., 431, 64 S. W., 964. The foregoing cases proceed upon the idea that counsel for the plaintiff may, through

some inadvertence, fail to prove certain facts, and that the trial court may therefore exercise a discretion in the matter in order to prevent injustice being done. It must be remembered, however, that a defendant is also entitled to some consideration at the hands of the court. He has to go to the expense of employing counsel and having his witnesses present, and where a case has been finally submitted and practically won, he should not be deprived of a verdict and be compelled to undergo the expense of another trial. Indeed the courts have been very liberal in construing code provisions like the one in question. Many of them hold, as we do, that even where the case has been argued on a peremptory instruction, and the court has indicated his purpose to sustain the motion, yet the plaintiff may take a non-suit at any time before the instruction is actually given. Vertrees' Admr. v. Newport News, &c., Co., *supra*. With such liberal construction in favor of the plaintiff, it is manifest that his rights are sufficiently protected. Furthermore, it is clear, we think, that the language "may be dismissed without prejudice" necessarily negatives the idea that the action may be dismissed by the plaintiff under any other circumstances than those prescribed in the code. Indeed, we so held in the case of Wm. Glenny Glass Co. v. Taylor, 99 Ky., 24, where the court said:

"It is too late after submission to enter such a motion."

Manifestly, if it is too late after submission to enter such a motion, the trial court is without discretion to entertain or pass on such a motion. This view does not conflict with the rule announced in the case of Williamson v. Am. Reserve Bond Co.'s Receiver, 140 Ky., 215, and Wilhelm's Ex'r. v. Bains, 147 Ky., 832. In each of those cases there had been a premature submission, and we held that the trial court did not abuse its discretion in allowing the submission set aside, and the action dismissed without prejudice. It follows that the trial court should have sustained the motion of defendants to receive the verdict of the jury, and to dismiss the action absolutely.

Judgment reversed and cause remanded with directions to dismiss the petition.