ELIZABETH SUESS A MINOR BY MARIE SUESS, HER NEXT FRIEND, RESPONDENT, v. L. MOTZ, APPELLANT.*

St. Louis Court of Appeals.   Opinion filed June 1, 1926.

**1.—Appeals—Judgment—Order Overruling Motion to Set Aside Judgment of Dismissal—Appealable.** An appeal may be taken from the trial court's order overruling a motion to set aside a judgment of dismissal.

**2.—Same—Same—Motion to Vacate—Overruled—Final Judgment from Which Appeal or Writ of Error Will Lie.** The action or order of a trial court on a motion to vacate a judgment, whether for irregularity on the face of the record or dehors the record, is the same and in each case is a final judgment from which an appeal or writ of error will lie.

**3.—Nonsuits—Dismissals—When Permissible.** Under section 1410, Revised Statutes 1919, which provides that plaintiff shall be allowed to dismiss his suit or take a nonsuit at any time before the same is finally submitted to the jury, or to the court sitting as a jury, or to the court, and not afterwards, **held** that a trial court has no authority to permit a plaintiff to take a nonsuit after submission of the case to the jury.

**4.—Same—Same—Plaintiff Permitted to Dismiss Case After Submission to Jury—Motion to Amend Order and Enter Final Judgment for Defendant—Properly Overruled.** Where, after the submission of a case to a jury, the trial court erroneously sustained plaintiff's motion to dismiss the case, and the case was thereupon dismissed without prejudice and the jury discharged and the defendant thereafter filed a motion to amend the order of dismissal and enter final judgment for defendant which motion was overruled by the court, **held** that the trial court was without jurisdiction to enter a judgment on the merits absent a verdict from the jury to whom the case had been tried and submitted and that the court properly overruled defendant's motion.

**5.—Same—Same—Treated Alike.** A judgment of dismissal and a judgment of nonsuit serve the same purpose and have the same legal effect and arrive at the same end, and hence are treated alike and allowed the same office in everyday administration of law.

**6.—Same—Same—New Action—Statute—Applies as Well to Voluntary as to Involuntary Nonsuits.** Section 3129, Revised Statutes 1919, permitting a plaintiff to commence a new action from time to time within one year from nonsuit suffered, applies as well to voluntary as to involuntary nonsuits.

**7.—Jury—Discharged After Case Had Been Submitted and Erroneously Dismissed—Effect.** A jury, having been discharged after a case had been submitted and erroneously dismissed, cannot thereafter be legally reconvened.

---

*Corpus Juris-Cyc. References: Appeal and Error, 3CJ, p. 505, n. 52 New; p. 523, n. 16; p. 524, n. 17; p. 525, n. 18. Dismissal and Nonsuit, 18CJ, p. 1145, n. 6; p. 1156, n. 72 New; p. 1171 n. 46. Juries 35CJ, p. 421, n. 2. Limitation of Actions, 37CJ, p. 1089, n. 18.

Appeal from the Circuit Court of the City of St. Louis.—Hon. Wm. H. Killoren, Judge.

AFFIRMED.

*Wood & Teasdale* for appellant.

(1) Appellant's motion after the dismissal is appealable whether viewed as a special order after judgment or a final judgment in a separate proceeding. No bill of exceptions or motion for new trial is necessary. Scott v. Crider, 272 S. W. 1010; Scott v. Rees, 300 Mo. 123; Norton v. Reed, 281 Mo. 482; Arndt v. Arndt, 177 Mo. App. 420. (2) (a) Plaintiff may not dismiss a suit after submission of the cause to the jury. R. S. 1919, sec. 1410; State ex rel. Motz v. Killoren, 271 S. W. 544; Stauffer v. Stauffer, 200 Mo. App. 477, 207 S. W. 240; McCauley v. Brown, 99 Mo. App. 625, 74 S. W. 464; State ex rel. Bakery Company v. Anderson, 269 Mo. 381, 190 S. W. 857; State ex rel. Potter v. Riley, 118 S. W. 647, 219 Mo. App. 667; Bank v. Butler, 163 Mo. App. 380, 143 S. W. 1117; Board of Education v. U. S. F. & G. Co., 155 Mo. App. 109, 134 S. W. 18; Klaiber v. Jorcke, 239 S. W. (Mo. App.) 880; Landau v. Ohio Letter Co., 204 Mo. App. 404, 201 S. W. 404; Lawyers Pub. Co. v. Gordon, 173 Mo. App. 139, 73 S. W. 154; Thomas v. Wendling, 219 S. W. 671; State ex rel. Wendling v. Arnold, 197 Mo. App. 1, 193 S. W. 292; Hess v. Ins. Co., 21 Mo. App. 93; McLean v. Stuve, 15 Mo. App. 317; Wilson v. Starke, 42 Mo. App. 376; Mayer v. Old, 51 Mo. App. 214; Lawrence v. Schreve, 26 Mo. App. 492; McArthur v. Schultz, 78 Iowa, 364. (b) A plaintiff may not dismiss so as to prejudice the defendant, or so as to defeat his adversary out of a victory, or if the result is to derange defendant's rights, deprive him of a legal defense, or subject him to increased liabilities. Klaiber v. Jorcke, 239 S. W. 880; State ex rel. Bakery Company v. Anderson, 269 Mo. 381, 190 S. W. 857; 6 Ency. Pl. and Pr. 842. (c) But the policy of the law does not force a plaintiff to prosecute an action against his will; he may abandon it. 18 C. J. 1148; Brandenburger v. Puller, 266 Mo. 534. (3) (a) That portion of a judgment which goes beyond the pleadings or the jurisdiction of the court is *coram non judice* and of no effect. Court will not act *sua sponte*. Ecton v. Tomlison, 278 Mo. 282; State ex rel. v. Evans, 176 Mo. 310; Owens v. McCleary, 273 S. W. 145; 15 C. J. 797. (b) The addition to the order of dismissal of the words "without prejudice" is beyond the jurisdiction of the court. They should be stricken out and declared of no effect. Stauffer v. Stauffer, 200 Mo. App. 477; Evans v. Schaefer, 86 Ind. 135; Chicago etc. Co. v. Storage Co., 260 Ill. 485; Skinner v. Sinsheimer, 37

Ill. App. 467; Bostwick v. Abbott, 40 Barb. (N. Y.) 331; Parsons v. Riley, 33 W. Va. 464; Fisher v. Williams, 56 Vt. 586; Porter v. Morere, 30 La. Ann. 230; 34 C. J. 510, 783 and 792. (4) Where the law recognizes a right (created by statute or otherwise,) the party entitled to the benefit of the statute may resort to any existing remedy. To prevent a failure of justice in the absence of existing remedies, courts should devise or adopt such new remedy or mode of procedure as the situation may require. Cummings v. Winn, 89 Mo. 51; 1 C. J. 986 and 987, "Actions," and authorities noted. (5) Where the provisions of a statute are general everything necessary to make it effectual is supplied by implication. 36 Cyc. 1113 and 1136, and authorities cited; 25 R. C. L., pp. 979-980, sec. 228. (6) An attorney's mistake of judgment as to the law or his ignorance of facts which he ought to have known is not sufficient ground for vacating a judgment of dismissal entered upon his motion. Bacon v. Mitchell, 14 N. D. 454, 106 N. W. 129; Juneau County v. Hooker, 67 Wis. 322, 30 N. W. 357; 6 C. J. 646.

*Fred Berthold* for respondent.

(1) Where no motion for new trial was filed within time prescribed by the statutes . . . court is without authority to set aside judgment on motion made after said time prescribed by statute. Phil H. Pierce Co. v. Watkins, 263 S. W. 905; McClure v. Nat'l Life & Accident Co., 272 S. W. 1048; Roberts v. Sims, 237 P. 852; Secs. 1456, 1460, R. S. of Mo. 1919. (2) Where there is nothing in the record to show the filing of a bill of exceptions and the purported bill or the so-called "abstract of the case" did not show that it was signed by the trial judge, there was nothing before the appellate court for review. Atlas Cereal Co. v. Griffin Grocery Co., 259 S. W. 130. Matters of complaint against trial judge are not open to consideration where no exception was saved thereto in "bill of exceptions." Chapman v. Bimel-Ashcroft Mfg. Co., 263 S. W. 993; Arcadia Timber Co. v. Evans, 264 S. W. 810; Farm Mortgage & Loan Co. v. Schubert, 271 S. W. 873; Nahorski v. St. Louis Electric Terminal Rys. Co., 271 S. W. 749; Patterson Oil Co. v. Brodhead, 2 F. (2d) 598; Harris v. Chicago House Wrecking Co., 145 N. E. 666, 314 Ill. 500. Where abstract of record proper did not show filing of motion for new trial or in arrest of judgment, clerk's short form of transcript of evidence containing no motion for a new trial or in arrest, was insufficient to cure all such defects in the record. Spangler v. Benz, 267 S. W. 943. (3) On a second appeal the decision of the former appeal is the law of the case. Coleman v. Northwestern Mutual Life Ins. Co., 233 S. W. 187; Booth v. Scott, 240 S. W. 217; Trembley v. Fidelity Casualty Co. of New York, 243 S. W. 201;

Davidson v. St-Louis-San Francisco Ry. Co., 256 S. W. 169, 301 Mo. 79; Foy v. United Rys. Co. of St. Louis, 243 S. W. 185. (4) Where a verdict was not merely informal, but was substantially defective in omitting to find a material issue . . . the defect could not be supplied by the court. Lummi Bay Packing Co. v. Kryder, 263 S. W. 543. (5) Points raised for first time in reply brief on appeal will not be considered. Buhler Mill & Elevator Co. v. Jolly, 261 S. W. 353. (6) Contract not introduced in evidence, read to jury, or contained in bill of exceptions, cannot be brought up in supplemental abstract. Erie City Iron Works v. Ferer, 263 S. W. 1008. (7) Faulty abstract of record cannot be corrected by appellant after suggestion of defect by adverse party, if time for filing is past. Goeben v. Quincy, O. & K. C. R. Co., 265 S. W. 850. (8) Jury, after being discharged from case, cannot legally be reconvened. Mattice v. Maryland Casualty Co., 5 F. (2d) 233.

BECKER, J.—Plaintiff, an infant suing by her next friend, brought suit for damages for personal injuries alleged to have been sustained, by being struck by defendant's automobile.

At the trial, after the case had been submitted to the jury and the jurors had retired to consider their verdict, plaintiff moved to dismiss the case and the court ordered said motion sustained and the cause dismissed without prejudice at the cost of the plaintiff.

Thereafter the defendant filed his motion which is styled, "Motion to amend . . . and to enter final judgment for defendant," in which motion the defendant moved the court (1) to *amend* the order of dismissal *without prejudice* to an order of dismissal *with prejudice*, and, (2) to enter a final judgment for defendant, which motion was by the court overruled.

Thereupon defendant brought an original proceeding in this court asking for a writ of mandamus against the trial judge commanding him to enter final judgment in the case for defendant. Our alternative writ was issued but upon a hearing a peremptory writ of mandamus was denied. [See State ex rel. Motz v. Killoren, 271 S. W. 544.] In this situation the defendant prosecutes this appeal.

Respondent urges that there is nothing before this court to review, contending that the appeal herein was not taken from the final judgment in the case but from the trial court's order overruling appellant's motion to set aside the judgment of dismissal. The point is without merit.

It is no longer open to question but that the action or order of a trial court on a motion to vacate a judgment, whether for irregularity on the face of the record or *de hors* the record, is the same and in each case is a final judgment from which an appeal or writ of error will lie. [Scott v. Rees, 300 Mo. 123, 253 S. W. 998; Scott v.

Crider (Mo. App), 272 S. W. 1010; McClure v. National Life & Accident Ins. Co. (Mo. App.), 272 S. W. 1049.]

It is conceded in light of section 1410, Revised Statutes of Missouri, 1919, which specifically provides that a plaintiff, ''shall be allowed to dismiss his suit or take a nonsuit at any time before the same is finally submitted to the jury, or to the court sitting as a jury, or to the court, and not afterwards,'' that the trial court had no authority to permit plaintiff to take a nonsuit after submission of the case to the jury. [See Lawyers' Co-Operative Publishing Co. v. Gordon, 173 Mo. 139, 73 S. W. 155; State ex rel. Motz v. Killoren, supra.]

It is at once observable that the facts in this case present a most unusual situation. Because of the error of the trial court in sustaining plaintiff's motion to dismiss after the case on trial had been submitted to the jury, if defendant's motion can be viewed as in effect a motion to set aside the judgment of dismissal and to reinstate the cause on the docket, such motion should have been sustained.

However an examination of defendant's motion filed after the nonsuit was allowed plaintiff, clearly shows that the defendant did not seek to have the judgment of nonsuit as such set aside, but sought to have the court, (1) ''strike out from the order . . . the words, 'without prejudice' and insert in lieu thereof, 'with prejudice,' so that the order in part will read, ' . . . . and the court doth order that this cause be and the same is hereby dismissed with prejudice at the cost of the plaintiff.' '' . . . . (2) to have, ''the court to enter a final judgment for defendant.''

That the defendant in filing his said motion below did not intend thereby to move to have the court set aside the judgment of nonsuit as such and reinstate the cause is borne out by the relief asked for here on appeal. The appellant, whilst candidly admitting that the anomalous situation presented by the instant case cannot be measured by any precedent that he has found, yet seriously argues that since the jury in the case at the time of its dismissal below stood eight to four in favor of the defendant (which fact it is admitted was known to one of counsel for plaintiff below and was the reason for his dismissing the cause and having the jury discharged) that this court should here on appeal rule that the trial court erred in overruling defendant's motion below and reverse and remand the case with directions to the trial court to enter a judgment for defendant as on the merits. We are clear in the view that the trial court was without jurisdiction to enter a judgment on the merits absent a verdict from the jury to whom the case had been tried and submitted, and we of necessity hold that the court properly ruled that portion of defendant's motion in overruling it.

As to the request in said motion that the order of dismissal be amended so as to read that the dismissal was "with prejudice," we call attention to the fact that irrespective of the rulings in other jurisdictions, it is definitely settled in this State that a judgment of dismissal and a judgment of nonsuit serve the same purpose and have the same legal effect and arrive at the same end, and hence are treated alike and allowed the same office in everyday adminstration of law. As was stated by LAMM, J., in Wetmore v. Crouch, 188 Mo. 647, 87 S. W. 954: "It has practically been held that the word nonsuit in the section involved means any judgment of discontinuance or dismissal whereby the merits are left untouched." [See, also, Baldwin v. Davidson, 139 Mo. 118, 40 S. W. 765; Mason v. Ry. Co., 226 Mo. 212, 125 S. W. 1128, and cases therein cited.]

Furthermore defendant would in fact be no better off even though the trial court had forced plaintiff to take an involuntary nonsuit (which under said section 1410 however could not have been done after the case was submitted to the jury) for section 1329, Revised Statutes of Missouri, 1919, permitting a plaintiff to commence a new action from time to time within one year from nonsuit suffered, has been held to apply as well to voluntary as to involuntary nonsuits. [Wetmore v. Crouch, supra; Shaw v. Pershing, 57 Mo. 1. c. 422; Bryant v. Fudge, 63 Mo. 1. c. 492-3; Hewitt v. Steels, 136 Mo. 1. c. 333.]

Again if the trial court had set aside the judgment of nonsuit and reinstated the case upon the motion of defendant below it would not have overcome nor offset the damage done by the entry of the judgment of nonsuit in that the jury to which the case had been submitted, upon the entry of the judgment of nonsuit, had been discharged and the jury could not thereafter be legally reconvened after being discharged from the case. [See Mattice v. Casualty Co., 5 F. (2d) 233. See also Lummi Bay Packing Co. v. Kryder (Mo. App.), 263 S. W. 543.] It is thus apparent that the error in permitting plaintiff to dismiss his case after submission of the case to the jury, having once been made and the jury dismissed, there is no action which the trial court could have lawfully taken which would have placed the defendant *in status quo ante*, but that the defendant would necessarily be subjected to the burden of trying the case again whether the judgment of nonsuit was set aside and the cause reinstated, or if the judgment of nonsuit were permitted to stand and plaintiff commenced a new action.

The situation is indeed an unfortunate one but under the record as it stands the relief sought by defendant on this appeal cannot be afforded him.

In the light of what we have stated above the action of the trial court in overruling defendant's motion to amend the judgment of

nonsuit was proper.  It follows that its action should be affirmed. It is so ordered.  *Daues, P. J.,* and *Nipper, J.,* concur.