EDITH FENTON v. GUY A. THOMPSON, Trustee for MISSOURI PACIFIC RAILROAD COMPANY, a Corporation, Appellant.—No. 38626.—176 S. W. (2d) 456.

Division One, December 6, 1943.

Rehearing Denied, January 3, 1944.

*Leslie A. Welch, Ludwick Graves* and *Jacob Brown* for appellant.

*Lawrence E. Goldman* and *Clay C. Rogers* for respondent.

DALTON, C.—Action at law for $50,000 damages for personal injuries alleged to have been sustained by plaintiff on account of the negligence of defendant. Plaintiff was injured on June 2, 1941, in a collision between an automobile she was driving and one of defendant's trains at a street crossing in Carthage, Jasper County. By answer defendant admitted his trusteeship and the operation of the train, but denied other allegations. He alleged that the collision resulted from specified negligence of plaintiff, which directly contributed to the collision and injuries, and prayed "to be discharged with his costs." Plaintiff filed a reply and the cause was duly tried and submitted to a jury. Before the jury had returned a verdict, the plaintiff took a voluntary nonsuit. The court entered a judgment of dismissal and defendant appealed.

The judgment appealed from recites that "after hearing the instructions of the court and argument of counsel in the case, the jury retires to consider its findings and afterwards, on the same day, and before the jury returns a verdict, comes the plaintiff, by her attorneys of record, and in open court files a written voluntary nonsuit in this cause. It is therefore ordered and adjudged by the Court that said cause be and the same is hereby dismissed; that the jury in this cause be and the same is hereby dismissed and excused, and that the defendant have and recover of and from the plaintiff all costs of this cause laid out and expended for which execution may issue."

Section 1111, R. S. 1939, Mo. R. S. A., Sec. 1111, provides: "The plaintiff shall be allowed to dismiss his suit or take a nonsuit at any time before the same is finally submitted to the jury, or to the court sitting as a jury, or to the court, and not afterward."

Appellant assigns error as follows: (1) The court erred in failing to recite that the dismissal was with prejudice to plaintiff's right to

further prosecute the cause, since the court was without power or jurisdiction, after final submission, to either a judgment of dismissal not barring a new action; (2) The court erred in entering the judgment, unless the judgment entered does bar the filing of a new action on the same cause.

Do we have jurisdiction of this appeal? Appellant contends he is entitled to a dismissal with prejudice, barring a further prosecution of the cause, and in effect to a judgment for defendant on the merits. The legal effect of the dismissal as entered was to grant plaintiff the right to another trial and to leave her claim unadjudicated. The sole issue on this appeal is whether her claim for $50,000 was adjudicated or was not adjudicated by the proceedings in the trial court. If appellant's contention is sustained, the detriment to plaintiff will be the extinguishment of her claim for $50,000. See, Frank Schmidt Planing Mill Co. v. Mueller, 347 Mo. 466, 147 S. W. (2d) 670, 671. The amount in dispute exceeds $7500 and we have jurisdiction of the appeal. Sec. 2078, R. S. 1939, Mo. R. S. A., Sec. 2078; Constitution of Missouri, Art. VI, Amendment of 1884, Sec. 3; Johnston v. Ramming, 340 Mo. 311, 100 S. W. (2d) 466; Sofian v. Douglas, 324 Mo. 258, 23 S. W. (2d) 126; Carnes v. Thompson (Mo. Sup.), 48 S. W. (2d) 903, 904; Burke v. Pappas, 316 Mo. 1235, 293 S. W. 142.

We are next confronted by respondent's motion to dismiss the appeal. Respondent contends (1) that there is no final judgment from which an appeal could be taken and this court is without jurisdiction to entertain the appeal; and (2) that, since the cause was dismissed and costs assessed against plaintiff, appellant is not "aggrieved" within the meaning of Sec. 1184, R. S. 1939, Mo. R. S. A., Sec. 1184.

Section 1184, supra, provides: "Any party to a suit aggrieved by any judgment of any circuit court in any civil cause from which an appeal is not prohibited by the Constitution, may take his appeal . . . from any final judgment in the case . . . ." Appellant contends that Sec. 1111, supra, under the facts shown, expressly prohibits dismissal without prejudice and in effect, provides that "any judgment rendered after final submission must be a final judgment"; that no judgment after final submission could fail to be one "materially affecting the merits of the action"; that, if the judgment does not on its face have the effect of a final judgment against plaintiff, "error was committed by the court" against appellant; and that, the judgment being erroneous and failing to give appellant all he was entitled to have under the statute, appellant may appeal to this court to secure a correct and proper judgment, particularly, since Sec. 1229, R. S. 1939, Mo. R. S. A., Sec. 1229, provides that "the supreme court . . . in appeals . . . shall examine the record and . . . reverse or affirm the judgment or decision of the circuit court, or give such judgment as such court

ought to have given, as to them shall seem agreeable to law . . . ."
See, City of St. Louis v. Senter Commission Co., 340 Mo. 633, 102 S. W. (2d) 103; Kinealy v. Macklin, 67 Mo. 95, 98.

Respondent argues (1) that there is no final judgment, because the judgment of dismissal determined no issues; (2) that "the determination of the issues was wholly within the province of the jury alone"; and (3) that no verdict was reached and the issues are undetermined. Respondent, in effect, takes the position that there can be no final judgment from which an appeal will lie, unless such judgment "fully decides and disposes of the whole merits of the cause." Respondent cites Hooper v. Wineland (Mo. App.), 131 S. W. (2d) 232, 240; Ross Construction Co. v. Chiles, 344 Mo. 1084, 130 S. W. (2d) 524, 528; Chitwood v. Jones (Mo. App.), 45 S. W. (2d) 893; and other cases. The cases do not support respondent's position.

Section 1236, R. S. 1939, Mo. R. S. A., Sec. 1236, provides: "A judgment is the final determination of the right of the parties in the action." The judgment of dismissal, as entered, left "no further questions therein for the future judgment of the court." Compare, Harriman v. Stix, Baer & Fuller Co. (Mo. Sup.), 92 S. W. (2d) 593, 594; Magee v. Mercantile Commerce Bank & Trust Co., 339 Mo. 559, 98 S. W. (2d) 614. The judgment entered disposed of all parties and all issues, in so far as the pending cause was concerned. The cause was finally dismissed and costs were taxed against the plaintiff. The rights of the parties *in the action* were finally determined and the pending action was at an end. Scott v. Parkview Realty & Improvement Co., 241 Mo. 112, 122, 145 S. W. 48; State ex rel. Mary Frances Realty Co. v. Homer, 150 Mo. App. 325, 330, 130 S. W. 510. It may be conceded that the judgment of dismissal does not purport to "decide and dispose of the merits of the cause" and on its face it "is not a final determination" of the right of the parties with reference to the merits of the issues raised by the pleadings. But, "a final determination of the particular suit is a final judgment for the purpose of appeal, although it may not necessarily be a final determination of the rights of the parties." 4 C. J. S., Appeal and Error, Sec. 97; Moody v. Deutsch, 85 Mo. 237, 244; Rogers v. Gosnell, 51 Mo. 466, 468; Flanagan v. Hutchinson, 47 Mo. 237; O'Connor v. Koch, 56 Mo. 253, 262; Richards Brick Co. v. Wright, 231 Mo. App. 946, 950, 82 S. W. (2d) 274; Wolford v. Scarbrough, 224 Mo. App. 137, 21 S. W. (2d) 777, 779; State ex rel. Hemmerla v. Newburg Special Road Dist. of Phelps County (Mo. App.), 217 S. W. 605. The record, therefore, shows a final judgment of dismissal. Appellant filed his application and affidavit for an appeal, and was granted an appeal, from this judgment. See, Boyd v. Logan Jones Dry Goods Co., 335 Mo. 947, 74 S. W. (2d) 598, 599.

Respondent insists that there is no provision in the statute authorizing an appeal from a voluntary dismissal of plaintiff's suit under the circumstances shown by this record.

The right of appeal is purely statutory. Thurman v. Smith, 327 Mo. 894, ·39· S. W. (2d) 336, 337; Bonfils v. Martin's Food Service Co., 299 Mo. 500, 253 S. W. 982, 983. Appeals are favored and statutes granting that right are to be liberally construed. State ex rel. Connors v. Shelton, 238 Mo. 281, 297, 142 S. W. 417;.Ferguson v. Board of Equalization of Madison County, 350 Mo. 122, 164 S. W. (2d) 925, 927. The reason a plaintiff cannot appeal from a voluntary dismissal or nonsuit is because it is his own voluntary act and the reason a defendant cannot appeal from such a voluntary dismissal or nonsuit is "because he is not aggrieved by it within the meaning of the statute allowing appeals." Holdridge v. Marsh, 28 Mo. App. 283, 286; Segall v. Garlichs (en banc), 313 Mo. 406, 281 S. W. 693, 694. Section 1111, supra, expressly confers upon a plaintiff the right of dismissal or nonsuit before the case "is finally submitted to the jury . . . and not afterwards." In this case plaintiff dismissed her suit after submission and contrary to the terms of ▆▆ statute. A final judgment of dismissal was entered, but it did not provide that the dismissal was with prejudice, or on the merits.

Respondent insists that "in our procedure the words 'with prejudice' do not exist" and that there is no decision of our courts defining the term. We think the term "with prejudice" has a well recognized legal import; "it is the converse of the term 'without prejudice' and is as conclusive of the rights of the parties as if· the suit had been prosecuted to a final adjudication adverse to the plaintiff." 45 Words & Phrases (Permanent Edition), p. 455. See, Long v. Long, 141 Mo. 352, 371, 44 S. W. 341.

In the case of Kinealy v. Macklin, supra, (67 Mo. 95, 99), this court said: "A party cannot be said to be 'aggrieved' unless error has been committed against him. . . . The law seems to' be well settled that a party cannot take an appeal from a judgment in his own favor." In the case of Scott v. Parkview Realty & Improvement Co., supra, (241 Mo. 112, 122, 145 S. W. 48, 50), this court said: "A party cannot appeal from a judgment that is wholly in his favor; one that gives him all he asks; but he may appeal from a judgment that gives him only a part of what he sues for." By Sec. 1228, R. S. 1939, Mo. R. S. A., Sec. 1228, we are prohibited from reversing a judgment, except for errors against the appellant or plaintiff in error materially affecting the merits of the action; that is error prejudicial to his substantial rights. Hall v. Goodnight, 138 Mo. 576, 590, 37 S. W. 916, 919.

In the case of McClain v. Kansas City Bridge Co., 338 Mo. 7, 11, 88 S. W. (2d) 1019, the Missouri Workmen's Compensation Commission had assumed jurisdiction and awarded compensation for the death of an employee, who at the time of his death was working on a pile driver on a boat in a navigable stream. The employer had denied the Commission's jurisdiction to hear the claim. On appeal the circuit court reversed the award of the Commission "for want

of jurisdiction under State law." The defense raised was fully sustained, and the employee's claim was finally disposed of before the Commission and before the Court (See, Strottman v. St. Louis, I. M. So. Ry. Co., 228 Mo. 154, 185, 128 S. W. 187), but the employer again appealed. This court dismissed the appeal on the ground that Sec. 1018, R. S. 1929, now Sec. 1184, supra, conferred no right of appeal on defendant under the circumstances of the case. The court said: "As the case stood before the appeal was granted, this particular action was finally determined in appellant's favor. We cannot see how appellant is aggrieved in any manner, as far as the action pending in the circuit court is concerned, by being deprived of the opportunity to further litigate it. Neither do we agree with the theory that appellant is aggrieved in the sense that term is used in the statute, by the possibility it will be required to defend another action before some other tribunal. The statute, properly construed, means that a litigant must be aggrieved or injured by that particular judgment."

The cases, supra, do not rule the case at bar. Appellant here complains of a final judgment of dismissal of a cause instituted against him. The judgment of dismissal, not being "with prejudice," or on the merits, was necessarily "without prejudice." While the judgment on its face appears to be in appellant's favor, yet if, under the circumstances shown by the record, the appellant was entitled, as a matter of law, to a judgment of dismissal "with prejudice," or on the merits, barring a further prosecution of the cause, and, if the judgment entered does not so provide, then error, in prejudice of appellant's substantial rights, has been committed against him, in that he did not receive all to which he was legally entitled. If the judgment as entered remains a final determination of plaintiff's right to voluntarily dismiss without prejudice, then, in the event of another suit, the appellant will be finally concluded on that issue by this judgment of dismissal, because such judgment of dismissal, as entered, is not binding on the merits in the event of such second suit on the same cause. We hold that, upon the record in this cause, defendant (appellant) was "aggrieved" by the order and judgment and had the right to appeal therefrom under the statute governing appeals. This court on this appeal will determine whether the court erred in entering the judgment appealed from.

Respondent next contends that "if the trial court exceeded its jurisdiction by dismissing the cause, then its action was void ab initio, the cause is still pending and undisposed of, and there is no order or final judgment from which an appeal will lie." ▮▮▮ Respondent cites cases holding that "if the subject of adjudication is of the kind of which the court has no jurisdiction, its judgment is a nullity." Cox v. Boyce, 152 Mo. 576, 581, 54 S. W. 467; Simplex Paper Box Corp. v. Standard Corrugated Box Co., 231 Mo. App. 764, 97 S. W. (2d) 862, 868. But, whether the judgment was void or not did not affect de-

fendant's right of appeal. State ex rel. Coonley v. Hall, 296 Mo. 201, 246 S. W. 35, 37. Respondent further says that the plaintiff's voluntary nonsuit left the merits untouched; that this court can only affirm or reverse in law actions; that whether reversed or affirmed the result will be the same; that the jury having been discharged it cannot be called back to resume deliberations; that, if the order of the court in dismissing the case is valid, defendant has no complaint and no right of appeal (citing McCormack v. Dunn, 232 Mo. App. 371, 106 S. W. (2d) 933; Piatt v. Heim & Overly Realty Co., 342 Mo. 772, 117 S. W. (2d) 327); and that, if the court's action was an unauthorized exercise of authority and void ab initio, this court cannot amend or modify it so as to clothe it with validity (citing State ex rel. Motz v. Killoren (Mo. App.), 271 S. W. 544).

In the McCormack case, supra, the cause was tried and submitted to the court but, after plaintiff's motion to dismiss was filed, the court set the submission of the cause aside and dismissed the cause without prejudice. Defendant sought to appeal from the judgment. The appellate court held (1) that defendant had no right of appeal from the judgment entered upon the plaintiff's voluntary dismissal, because it was in defendant's favor; and (2) that no right of appeal existed from the court's order overruling her motion to set aside the submission and to vacate the judgment of dismissal.

In the Piatt case, supra, the court held that "plaintiff's case was not under final submission at the time he dismissed it"; and that a voluntary dismissal of the case under such circumstances was not reviewable by either appeal or writ of error.

In the case of State ex rel. Motz v. Killoren, supra, it was held that mandamus would not lie to compel a circuit judge to enter a final judgment on the merits for defendant, where the judge had permitted the plaintiff to dismiss her case after the case had been finally submitted to the jury and where the court had entered an order for dismissal without prejudice. The court said: "In other words, relator asks us to compel the respondent to make an order which he has no authority to make in order to correct another which he made without authority. We cannot compel the respondent by mandamus to do any unauthorized act for the purpose of correcting one which he has already done. The situation is an unfortunate one, and no doubt the respondent's attention had not been called to this statute at the time he permitted an order of dismissal to be made."

The cases relied upon do not determine the defendant's right of appeal in the premises. There is no question but that the trial court had jurisdiction. The only question is whether the judgment as entered was erroneous. The motion to dismiss the appeal is overruled.

■ We now consider the appeal on its merits. The cause is presented here on the record proper. No objection, exception or motion, concerning errors appearing on the face of the record, was required in the trial court and such errors, materially affecting the merits of

the action, may be raised for the first time on appeal. City of St. Louis v. Senter Commission Co., supra, (340 Mo. 633, 102 S. W. (2d) 103, 110); Arcadia Timber Co. v. Harris (Mo. Sup.), 285 S. W. 428; Hecker v. Bleish, 319 Mo. 149, 3 S. W. (2d) 1008, 1019; North v. North, 339 Mo. 1226, 100 S. W. (2d) 582, 588; Roden v. Helm, 192 Mo. 71, 93, 90 S. W. 798; Newman v. Weinstein, 230 Mo. App. 794, 75 S. W. (2d) 871, 872; Presley v. Central Terminal Co. (Mo. App.), 142 S. W. (2d) 799, 801; Newton v. St. Louis & San Francisco Railroad Co., 168 Mo. App. 199, 200, 153 S. W. 495; Schwettman v. Sander (Mo. App.), 7 S. W. (2d) 301, 302. The sole question presented is whether, in view of the facts shown by the record, the judgment entered was a proper judgment in the respect mentioned; if not, it was erroneous on the face of the record. The facts shown are that, after the cause was finally submitted to a jury, the plaintiff filed a written voluntary nonsuit or dismissal of her case; that the jury was dismissed and excused; and that the court entered a judgment of dismissal and taxed the costs against the plaintiff. Is this judgment erroneous on the face of the record? What judgment should have been given agreeable to the law? Appellant contends the judgment is erroneous, in that it does not show that the dismissal was ▮▮▮ with prejudice to plaintiff's right to bring a further suit on the same cause. Section 1111, supra, expressly prohibited such voluntary dismissal after the cause was "finally submitted to the jury," and thereby in effect required a judgment on the merits, unless the submission was set aside by the court before dismissal. The record, however, shows an accomplished fact, to wit, that plaintiff's cause has been voluntarily dismissed after submission; the submission was not set aside; and the jury has been discharged without a verdict being returned.

In the case of Lawyer's Co-Op. Publishing Co. v. Gordon, 173 Mo. 139, 149, 73 S. W. 155, this court said that, "the right to take a nonsuit in a case tried before the court without a jury should be limited to the time previous to the court taking the case under advisement for the purpose of deciding it." It was held that "the trial court erred in sustaining the motion for a new trial and in permitting the plaintiff to take a nonsuit after the whole case had been submitted and after the court had announced its verdict and judgment." The trial court was directed to re-instate its finding and judgment for defendant. See, also, Board of Education of the City of St. Louis v. U. S. Fidelity & Guaranty Co., 155 Mo. App. 109, 122, 124, 134 S. W. 18; Illinois Central R. Co. v. Seibold (Court of Appeals of Ky.), 169 S. W. 610; Carney v. Reed, 117 Iowa, 508, 91 N. W. 759; Note, 89 A. L. R. 74-76.

In the case of Suess v. Motz, 220 Mo. App. 32, 285 S. W. 775, the St. Louis Court of Appeals had under consideration a case where "after the case had been submitted to the jury and the jurors had retired to consider their verdict, plaintiff moved to dismiss the case,

and the court ordered said motion sustained and the cause dismissed without prejudice at the cost of plaintiff. Thereafter the defendant filed his motion which is styled, 'Motion to amend . . . and to enter final judgment for defendant,' in which motion the defendant moved the court (1) to *amend* the order of dismissal *without prejudice* to an order of dismissal *with prejudice,* and (2) to enter a final judgment for defendant; which motion was by the court overruled." At the time of the dismissal plaintiff's attorney knew that the jury stood eight to four in favor of the defendant. The court said: "We are clear in the view that the trial court was without jurisdiction *to* enter a judgment on the merits absent a verdict from the jury to whom the case had been tried and submitted, and we of necessity hold that the court properly ruled that portion of defendant's motion in overruling it.

"As to the request in said motion that the order of dismissal be amended so as to read that the dismissal was 'with prejudice,' we call attention to the fact that, irrespective of the rulings in other jurisdictions, it is definitely settled in this state that a judgment of dismissal and a judgment of nonsuit serve the same purpose and have the same legal effect and arrive at the same end, and hence are treated alike and allowed the same office in everyday administration of law. . . .

"Furthermore, defendant would in fact be no better off even though the trial court had forced plaintiff to take an involuntary nonsuit. . . . Again, if the trial court had set aside the judgment of nonsuit and reinstated the case upon the motion of defendant below, it would not have overcome nor offset the damage done by the entry of the judgment of nonsuit, in that the jury, to which the case had been submitted, upon the entry of the judgment of nonsuit, had been discharged, and the jury could not thereafter be legally reconvened after being discharged from the case. . . .

"It is thus apparent that the error in permitting plaintiff to dismiss his case after submission of the case to the jury, having once been made and the jury dismissed, there is no action which the trial court could have lawfully taken which would have placed the defendant in status quo ante, but that the defendant would necessarily be subjected to the burden of trying the case again whether the judgment of nonsuit was set aside and the cause reinstated, or if the judgment of nonsuit were permitted to stand and plaintiff commenced a new action. The situation is indeed an unfortunate one, but, under the record as it stands, the relief sought by defendant on this appeal cannot be afforded him."

In the case at bar the defendant has appealed directly from the alleged erroneous judgment. Respondent (plaintiff) contends that this court is powerless in the premises to enter a judgment of dismissal "with prejudice" to a further prosecution of the action, or on the merits; and that the jury cannot be legally reconvened,

hence appellant is entitled to no relief. Respondent insists that because the Sec. 1111, supra, prohibits dismissal after submission, "it does not follow that, if the plaintiff undertakes to dismiss his case, the action is ipsa facto determined upon the merits." Respondent says "there is nothing to be done, but retry the case de novo."

Under the common law, as adopted in this state, the plaintiff could dismiss without prejudice at any time before a verdict. Hamlin v. Walker, 228 Mo. 611, 615, 128 S. W. 945; Strottman v. St. Louis I. M. & So. Ry. Co., supra (228 Mo. 154, 184). Under the present statute, a plaintiff has a right to take a voluntary nonsuit without prejudice and for any reason whatsoever, at any time prior to the final submission of the cause to the jury, or to the court sitting as a jury, or to the court. Sec. 1111, supra; Stith v. J. J. Newberry, 336 Mo. 467, 79 S. W. (2d) 447, 461. To secure a dismissal without prejudice it was necessary for plaintiff to dismiss before submission of the cause to the jury. Section 1111, supra. See, also, B. E. Dodd & Son v. Nashville, C. & St. L. Ry. Co., 120 Tenn. 440, 110 S. W. 588, 590. Under the statute, it has been held that it is not error for the court to refuse to permit a plaintiff to take a nonsuit after the cause has been finally submitted. Coffey v. Higbee, 318 Mo. 10, 16, 298 S. W. 766. A plaintiff is also entitled to get the court's view of the law of the case by rulings on requested instructions, and he may dismiss if the court's rulings are not in accord with his views of the law. Piatt v. Realty Co., supra; Board of Education v. U. S. Fidelity & Guaranty Co., supra (155 Mo. App. 109, 123). By reason of adverse rulings precluding a right of recovery, the plaintiff may elect to take an involuntary nonsuit, and later move to set it aside, and, if ruled against, he may appeal to test the correctness of the court's ruling. Boyd v. Logan Jones Dry Goods Co., supra (74 S. W. (2d) 598, 599); Arp v. Rogers (Mo. Sup.), 99 S. W. (2d) 103. If facts appear warranting it, he may on proper grounds, even after a submission, move the court to set the submission aside. Houston's Admr. v. Thompson's Admr., 87 Mo. App. 63, 68. If the submission is set aside, he may take a nonsuit without prejudice. Wilson v. Stark, 42 Mo. App. 376; National Bank of Commerce v. Butler, 163 Mo. App. 380, 143 S. W. 1117; McCormack v. Dunn, 232 Mo. App. 371, 106 S. W. (2d) 933. If errors are committed in the trial, a party may object and except and, in the event the judgment is adverse, he may save his exceptions in a motion for a new trial and if it is overruled, he may appeal from the adverse judgment. But, if we assume a plaintiff has had his day in court with everything the law gave him, with no error in the record and no legal grounds for a new trial or for setting the submission aside, may he, after a voluntary submission of the cause to the jury, have another trial of the cause in a court of law before another jury merely because, for some reasons, he has reached the conclusion (after submission) that the verdict will be unfavorable on the merits or on the amount of damages?

Regardless of what the trial court may have done in the premises shown by the record, we think this court is not powerless, but may direct the trial court to enter of record a proper judgment in view of the facts shown by the record. The question of a proper judgment, in view of the facts shown, is one of law for the court.

In the case of Illinois Central R. Co. v. Seibold, supra, the Kentucky Court said: "It must be remembered, however, that a defendant is also entitled to some consideration at the hands of the court. He has to go to the expense of employing counsel and having his witnesses present, and, where a case has been finally submitted and practically won, he should not be deprived of a verdict and be compelled to undergo the expense of another trial. . . . Furthermore, it is clear, we think, that the language 'may be dismissed without prejudice' necessarily negatives the idea that the action may be dismissed by the plaintiff under any other circumstances than those prescribed in the Code. . . . Manifestly, if it is too late after submission to enter such a motion, the trial court is without discretion to entertain or pass on such a motion."

Of course, in the case at bar, the court should not have permitted the filing of the written voluntary nonsuit after submission, nor have dismissed and excused the jury and permitted the dismissal of the cause, but the court did so at the instance and request of plaintiff. "The taking of a nonsuit is essentially the act of the plaintiff rather than of the court, which records and gives sanction to plaintiff's act." Stith v. J. J. Newberry Co., supra (79 S. W. (2d) 447, 461). Plaintiff has not appealed and does not complain of the action of the court in permitting the nonsuit or of the discharging of the jury. She consented to it and induced the court's action and she may not, therefore, complain of the judgment the law requires in the premises. Appellant (defendant) does not complain of the voluntary dismissal or of the discharge of the jury, but of the judgment entered by the court.

We think the right to voluntarily dismiss without prejudice was controlled by Sec. 1111, supra, and that plaintiff lost that right when she voluntarily submitted her cause to the jury. 27 C. J. S., Dismissal and Nonsuit, Sec. 20, p. 175. The facts here fall squarely under the statute. See, National Bank of Commerce v. Butler, supra, (163 Mo. App. 380, 385). By Sec. 1111, supra, a voluntary dismissal, after submission, was denied by the statute and a judgment on the merits was required. Only such a judgment would bar the further prosecution of the cause. Dahlberg v. Fisse, 328 Mo. 213, 40 S. W. (2d) 606, 611; State ex rel. National Lead Co. v. Smith (Mo. App.), 134 S. W. (2d) 1061, 1067-1068. Plaintiff, by filing her "written voluntary nonsuit" and withdrawing from the case after submission, waived her right to a verdict by the jury. She, in effect, recognized that the verdict would be adverse to her and was unwanted by her, and by her conduct she authorized a dismissal "with prejudice" in lieu thereof. By force

of the statute, supra, a judgment of dismissal with prejudice to future action was required, such being the only kind of dismissal then possible on the record as made. A dismissal with prejudice, under such circumstances where plaintiff has the burden of proof, does no violence to the constitutional right of trial by jury. See, Hineline v. Minneapolis Honeywell Regulator Co., 78 Fed. (2d) 854; Baltimore & Carolina Line, Inc. v. Redman, 55 Sup. Ct. 890, 295 U. S. 654, 79 L. Ed. 1636. The case of State ex rel. Motz v. Killoren, supra, and Suess v. Motz, supra, in so far as they hold to the contrary are overruled.

The judgment is reversed and the cause remanded with directions to enter judgment of dismissal with prejudice to plaintiff's right to further prosecute the cause. *Bradley, C.,* is of the opinion that there is no amount in dispute, and that the cause should be transferred to the Kansas City Court of Appeals. *Van Osdol, C.,* concurs.

PER CURIAM:—The foregoing opinion by DALTON, C., is adopted as the opinion of the court. All the judges concur.