NANCY HARMON, Respondent, v. UNITED RAILWAYS COMPANY OF ST. LOUIS, Appellant.

St. Louis Court of Appeals. Argued and Submitted January 8, 1912. Opinion Filed February 6, 1912.

1. NEGLIGENCE: Contributory Negligence: Pleading: Burden of Proof. *Contributory negligence is an affirmative defense, to be pleaded by, and the burden to establish which rests upon, the defendant.*

2. CARRIERS OF PASSENGERS: Injuries to Passenger: Contributory Negligence: Pleading. In an action by a street railway passenger for personal injuries, allegations in the answer, that whatever injuries plaintiff received, if any, were caused by her own carelessness and negligence in attempting to alight, and in alighting, from a moving car, set up the defense of contributory negligence.

3. ———: ———: ———: ———: Instructions. In an action by a street railway passenger for injuries received by the alleged premature start of the car while she was alighting from it, after it had stopped at a place which was not a regular stopping place to permit her to alight, defendant pleaded in its answer that whatever injuries plaintiff received, if any, were caused by her own negligence in attempting to alight from a moving car. At the request of plaintiff, the court charged that, as to said plea of defendant, the burden of proof rested upon defendant. At defendant's request, the court charged that if plaintiff attempted to alight from a moving car and thereby caused or contributed to cause her injuries, the verdict should be for defendant. *Held,* that defendant's assignment of error, that "plaintiff's instruction imposed upon defendant the burden of disproving plaintiff's cause of action, namely,

that the car had come to a complete stop before plaintiff undertook to alight from it," was untenable, in view of the fact that defendant's answer pleaded contributory negligence, and as to this the instruction correctly declared that the burden of establishing it rested upon defendant. *Held, further,* that defendant, by obtaining the instruction above noted, debarred itself from insisting that plaintiff's instruction was erroneous.

4. **APPELLATE PRACTICE: Binding Effect of Theory at Trial: Converse Instructions.** A party, by obtaining an instruction which is the converse of an instruction given on behalf of his adversary, debars himself from insisting that the giving of the latter instruction was error.

Appeal from St. Louis City Circuit Court.—*Hon. George H. Shields,* Judge.

AFFIRMED.

G. T. Priest for appellant; *Boyle & Priest* of counsel.

The court erred in giving the following instruction on behalf of plaintiff: "The court instructs the jury that with respect to the allegations of contributory negligence, set up in the defendant's answer, to-wit: 'Further answering the defendant says that whatever injuries plaintiff received, if any, as in said petition alleged, were caused by her own carelessness and negligence in alighting, or attempting to alight, from a moving car,' the burden of proof rests upon the defendant; that is the defendant must prove to your satisfaction by a preponderance or greater weight of the evidence that plaintiff did not exercise ordinary care for her own protection." Said instruction imposes on defendant the burden of disproving plaintiff's cause of action, when in law the burden of proving plaintiff's cause of action rests upon plaintiff. Ramp v. Railroad, 133 Mo. App. 700; Peck v. Railroad, 178 Mo. 617; Bond v. Railroad, 110 Mo. App. 131.

*James J. O'Donohoe* for respondent.

(1)   The instruction of which the defendant complains correctly declared the law and the court did not err in giving it.   Contributory negligence is an affirmative defense which the party alleging must prove. Petty v. Railroad, 88 Mo. 306; Donovan v. Railroad, 89 Mo. 147; Thorpe v. Railroad, 89 Mo. 650; Hudson v. Railroad, 101 Mo. 13; Young v. Iron Co., 103 Mo. 324; Crumpley v. Railroad, 111 Mo. 152; Schmidt v. Railroad, 149 Mo. 269; Charlton v. Railroad, 200 Mo. 413; Von Trebra v. Gaslight Co., 209 Mo. 648; Stephens v. City of Macon, 83 Mo. App. 345; Forrester v. Railroad, 116 Mo. App. 37; Underwood v. Railroad, 125 Mo. App. 490.   The burden of proof was on the defendant to show that plaintiff was not at the time she received her injuries in the exercise of ordinary care, for the law presumes that she was at said time in the exercise of due care for her own safety.   Riska v. Railroad, 180 Mo. 188; Holding v. St. Joseph, 92 Mo. App. 143.   (2)   The case was tried below on the theory that the issue of contributory negligence was involved and "It is well settled that a cause must be heard in the appellate court upon the same theory as that upon which it was tried in the trial court. . . . And it may be said that no other theory is possible." St. Louis v. Contracting Co., 210 Mo. 491; Dice v. Hamilton, 178 Mo. 81; Phelps v. Salisbury, 161 Mo. 1; Minton v. Steele, 125 Mo. 181; Walker v. Owen, 79 Mo. 563.   Parties are not permitted to invite error on the trial and then assign such error for reversal of the judgment, for shifting of positions is not allowed and the finding of the jury is binding on both parties. Jones v. Brownlee, 161 Mo. 258; Horgan v. Brady, 155 Mo. 659; Dunlap v. Griffith, 146 Mo. 292-3; Berkson v. Railroad, 144 Mo. 220; Reardon v. Railroad, 114 Mo. 384; Wilkins v. Railroad, 101 Mo. 105; Thorpe v. Railroad, 89 Mo. 650; Homes v. Braidwood, 82 Mo. 610.

REYNOLDS, P. J.—This is an action for damages for injuries plaintiff received, as it is averred in the amended petition, while she was a passenger on a car of defendant. In that petition it is averred that plaintiff desiring to alight from the car at the corner of Goode and Easton avenues, defend'ant "did not stop its said car at the intersection of said Goode and Easton avenues, although signalled to do so, but did by its employees in charge of said car, negligently cause said car to convey the plaintiff east and past her said point of destination, and did there stop said car between Goode avenue and Whittier street in the said city of St. Louis and invited the plaintiff to alight from said car while the same was so stopped; that while said car was thus stopped and in obedience to said invitation of defendant's employees, and in the presence and sight of its conductor in charge of said car, she proceeded to alight from said car, with all proper dispatch and in the exercise of all due care and caution for her own safety, and whilst so doing, said car was negligently and carelessly caused by defendant's employees in charge thereof to start into violent motion with a sudden shock and jerk, whereby the plaintiff was thrown against said car and from the same and upon the street, greatly and permanently injuring her as follows." The injuries are described and are alleged to be permanent. Averring that plaintiff has expended twenty-five dollars for medical treatment and in the future will be forced to expend for medical treatment and attention $315, she asks damages in the sum of $10,000.

Defendant's answer is as follows: "Comes now the defendant in the above entitled cause and for answer to the plaintiff's second amended petition herein filed, denies each and every allgation therein contained.

"Further answering, defendant says that whatever injuries plaintiff received, if any, as in said pe-

tition alleged, were caused by her own carelessness and negligence in alighting, or attempting to alight, from a moving car.

"Wherefore, having fully answered defendant asks to be hence dismissed with its costs."

A general denial of each and every allegation contained in this answer was filed by way of a. reply.

On trial before the court and a jury a verdict was returned in favor of plaintiff for the sum of $3000, judgment following. Defendant filing a motion for new trial and saving exception to that being overruled, has duly perfected its appeal to this court.

It is sufficient to say of the evidence in this case that there was testimony introduced by plaintiff tending to prove the averments in her petition and by defendant tending to show the contrary, that of defendant tending to show that when plaintiff attempted to alight from the car running along Easton avenue, it had not come to a stop at Goode avenue but that plaintiff attempted to alight while the car was in motion, and was running between Whittier and Goode avenue, Whittier being the next street beyond Goode. There was testimony on the part of plaintiff tending to show the nature and extent of the injuries which she had received and also tending to show that they were permanent in their character.

It is unnecessary to here set out the instructions which were given beyond the second given at the instance of plaintiff and the fifth given at the instance of defendant. The second instruction given at the instance of plaintiff is as follows:

"The court instructs the jury that with respect to the allegations of contributory negligence, set up in the defendant's answer, to-wit: 'Further answering defendant says that whatever injuries plaintiff received, if any, as in said petition alleged, were caused by her own carelessness and negligence in alighting, or attempting to alight, from a moving car,' the bur-

den of proof rests upon the defendant; that is, the
defendant must prove to your satisfaction by a pre-
ponderance or greater weight of the evidence that
plaintiff did not exercise ordinary care for her own
protection.''

The fifth instruction given at the instance of de-
fendant is as follows:

''The court instructs you that if you find and be-
lieve from the evidence, plaintiff attempted to alight
from car while it was in motion and she thereby caused
or contributed to cause her injuries, if any, your ver-
dict must be for the defendant.''

It is assigned here for error by the learned coun-
sel for the appellant, that the court erred in giving
the above quoted instruction 2, on behalf of plaintiff,
it being urged that that instruction "imposes on de-
fendant the burden of disproving plaintiff's cause of
action, when in law the burden of proving plaintiff's
cause of action rests upon plaintiff.'' These counsel
further argue that it is an admitted fact in the case
that the accident to plaintiff occurred midway be-
tween Goode and Whittier avenues on Easton avenue
in the city of St. Louis, that place between these streets
not being a regular or usual stopping place for the
discharge of passengers. Hence, they argue, it is ap-
parent that plaintiff pleaded and relied for recovery
upon the fact that the car came to an absolute stop
when she attempted to alight from it and the conse-
quent obligation was cast upon defendant to give her
a reasonable length of time to do so, she having signi-
fied to defendant's employees in charge of the car her
desire and intention to get off of the car at that par-
ticular point. Those counsel also argue that defend-
ant's answer went to the very essence of plaintiff's
right to recover by denying the existence of any cause
of action in plaintiff's favor, that is, denying that the
car was stopped, by stating affirmatively that plaintiff
got off the car of her own volition while it was in

motion and that consequently there was no invitation
to alight and no obligation to keep the car stationary
a reasonable length of time to enable plaintiff to alight.
They further argue that "the defendant's only in-
struction" submitted that defense, which instruction
it is said, "of course, is the converse of plaintiff's in-
struction." We are at a loss to understand the claim
of counsel for appellant that defendant had only one
instruction in the case. It was admitted on argument
before us that defendant asked instructions 3, 4, 5 and
5½, and that the court gave them as asked. The in-
struction which counsel for appellant refer to as cover-
ing their view of the law and which they claim sub-
mitted their defense and was the converse of plain-
tiff's instruction, obviously is defendant's instruction
3, to the effect that the law presumes that the injury
of which plaintiff complains was not due to any fault
or want of care on the part of defendant; that this
presumption cannot be disregarded by the jury but of
itself is sufficient to entitle defendant to a verdict
at the hands of the jury, unless plaintiff has estab-
lished her case by the greater weight of all the evi-
dence before them, and the instruction proceeds, "in
this connection you are further instructed that if you
find the greater weight of the evidence to be against
plaintiff and in favor of defendant, or if you are un-
able because of conflicting testimony to conscientiously
determine upon which side the credible evidence pre-
ponderates, then in either of such events the law makes
it your duty to find for the defendant." We do not
understand that counsel for the respondent claims that
this instruction 3 is the one which accepts the theory
that contributory negligence was in the case. The in-
struction relied upon for this contention is defend-
ant's instruction No. 5, which we have set out in full.

Counsel for respondent argues that the case was
tried below on the theory that the issue of contributory
negligence was involved and that it is the well settled

law of this state that a cause must be heard in the appellate court upon the same theory as that upon which it proceeded in the trial court. It is furthermore argued by that counsel that if there was error in giving this second instruction at the instance of plaintiff, it was cured by the fifth instruction given at the instance of defendant, counsel arguing that parties are not permitted to invite error on the trial and then assign such error for reversal of the judgment, as shifting positions is not allowed, and that when the cause has been tried and submitted on a certain theory and the verdict of the jury is responsive to the issues so placed before them, that verdict is binding upon both parties.

In the light of the pleadings in the case and of these instructions, we are compelled to hold that the contention of the learned counsel for appellant is not well taken. It will be observed that after the interposition of the answer which we have set out in full, plaintiff replied. There was no necessity for a reply unless some new matter of a defense constituting affirmative matter was set up in the answer. Evidently, therefore, counsel for plaintiff assumed that contributory negligence was pleaded in defense and the trial seems to have been conducted on that theory. In this instruction 5, given at the instance of defendant, the court proceeded on the same theory, in fact it is an almost literal repetition of the affirmative matter which is set up in the answer. While the argument of the learned counsel for appellant is ingenious, we are not persuaded that it is sound. With the answer which was interposed in the case it is hard to imagine any pleader taking the chance of not meeting that by a reply and coming into court prepared to meet this affirmative defense, the burden of establishing which was on defendant. It is true that to enable plaintiff to recover, she must show by the preponderance of the

testimony in the case that the accident which resulted in her injury happened when she was in the exercise of due care. Plaintiff was not required to aver due care on her part in the petition, although it is to be noted that in her petition this plaintiff has averred that she was proceeding to alight from the car "in the exercise of all due care and caution for her own safety, and whilst so doing," the car was negligently and carelessly started. Prior to the year 1873 it had been a very much disputed question at the bar of this state whether it was the duty of a plaintiff to aver in his petition that the injury had been sustained by plaintiff, plaintiff at the time being without fault or negligence on his part, and it was the common practice of cautious pleaders to insert this averment in the petition. The first time, however, that the question came directly before our Supreme Court, which was in the case of Thompson v. North Missouri Railroad Co., 51 Mo. 190, decided in 1873, Judge WAGNER, speaking for our Supreme Court, announced the rule, which has been followed ever since, that in an action against a railroad company for personal injuries to plaintiff, it was not incumbent on the plaintiff to aver affirmatively that he was at the time exercising due care and was himself without negligence contributing to the injury, negligence in the plaintiff being a defense to be set up by the answer and shown like any other defense. From the time of that decision on, contributory negligence has always been held to be an affirmative defense to be pleaded by, and the burden of establishing it being upon, the defendant.

The general denial in the answer went to the very essence of plaintiff's right to recover, and would have sustained the contention now made by appellant, if it had stopped with this general denial. The answer did not do this, but "further answering," set up matter which undoubtedly includes the defense of contributory negligence. The trial court certainly so construed

it, and, as we hold, did so correctly. Furthermore, even if that was error, defendant having asked for and had given its instruction 5, has debarred itself from insisting on any error in the second instruction given at the instance of plaintiff.

We have read and considered Bond v. Chicago, B. & Q. R. Co., 110 Mo. App. 131, 84 S. W. 124; Ramp v. Metropolitan St. R. Co., 133 Mo. App. 700, 114 S. W. 59, and Peck v. St. Louis Transit Co., 178 Mo. 617, 77 S. W. 736, cited and relied upon by counsel for appellant, and are unable to agree that they sustain the contention of those learned gentlemen. In fact as we understand the last cited case, it is against that contention.

The judgment of the circuit court is affirmed. *Nortoni* and *Caulfield, JJ.,* concur.

