# F. G. BONFILS v. MARTIN'S FOOD SERVICE COMPANY, Appellant.

### In Banc, July 2, 1923.

1. **APPEAL: From Order Overruling Motion in Arrest.** The statute does not authorize an appeal from an order overruling a motion in arrest, or from an order overruling a motion for a new trial. There may be an appeal from a final judgment upon the merits, but not from an order overruling a mere procedural motion.

2. ———: ———: **Dismissal.** Judgment had been rendered against defendant by a justice of the peace in an action of unlawful detainer, and defendant appealed to the circuit court and there filed a motion to dismiss the cause on the ground that the justice never had jurisdiction. This motion was overruled, and the court proceeded to render judgment against defendant on the merits, affirming the judgment of the justice and setting it out *in haec verba.* Thereupon defendant filed a motion in arrest, assigning among other things as grounds therefor that the original complaint did not state a cause of action and that the court had no jurisdiction either of the person of defendant or of the subject of the action. This motion being overruled, defendant filed its application for "an appeal from the order overruling the motion in arrest of judgment." No bill of exceptions was filed, and no appeal was asked or granted from the final judgment. *Held,* that the statute (Sec. 1469, R. S. 1919) does not authorize an appeal from an order overruling a motion in arrest, and appeals being purely statutory defendant's appeal must be dismissed.

Appeal from Jackson Circuit Court.—*Hon. Allen C. Southern,* Judge.

DISMISSED.

*Wilkinson, Wilkinson & Dabbs* for appellant.

The court had no jurisdiction to hear and determine this cause, as the original petition never stated a cause of action. Ellsworth v. Wilhelm, 186 S. W. 1128; Sec. 2924, R. S. 1919.

*Frank M. Lowe* for respondent.

No appeal was taken from the judgment on the merits of the case. The only exception made was to the action of the court in overruling the motion in arrest. This exception has not been preserved by a bill of exceptions as required by the statute in such case made and provided, without which no review of the question can be had. "The statute does not authorize the granting of an appeal from an order overruling a motion in arrest of judgment." Lowe v. Frede, 258 Mo. 208. The law certainly contemplates that the party against whom a verdict is returned shall wait until a final judgment is entered on such verdict before taking his appeal. Lowe v. Frede, 258 Mo. 210. In the absence of an express statute no appeal lies from the ruling of courts on motions. Lowe v. Frede, 258 Mo. 210; State ex rel. v. McElhinney, 241 Mo. 608. "Moreover, motions are not original and independent proceedings. . . . They are only incidental steps taken in all classes of cases pending and the rulings of the court upon motions are not judgments of the court; they are merely orders and are not appealable except where authorized by statute." R. S. 1909, secs. 1841, 1842. Appeals are wholly statutory and there can be no appeal unless the statute authorizes it. Bussiere, Admr. v. Sayman, 257 Mo. 303, 308. There is no statute authorizing an appeal from an order of court overruling a motion in arrest of judgment. The appeal being one from an order overruling a motion in arrest of judgment should therefore be dismissed. There is no bill of exceptions in the case. Short v. Kidd, 197 S. W. 66; State v. Goldstein, 137 S. W. 818.

GRAVES, J.—This is the second appeal of this case. When first here it was upon the appeal of the plaintiff from an adverse judgment in the Circuit Court of Jackson County. Bonfils was the appellant in that appeal and

the judgment was reversed and cause remanded for reasons stated in the opinion.

The original action was one of unlawful detainer, and from the justice's court, through the circuit court, it found its way here, and the circuit court judgment was reversed and cause remanded as aforesaid.  Upon the return of the case to the circuit court the defendant, on July 18, 1921, filed in that court a motion to dismiss the cause, in this language:

"Comes  now the defendant in the above entitled cause and moves the court to dismiss this cause for the reason that the original petition as filed before the justice of the peace does not state a cause of action, and for the additional reason that the original justice court never had jurisdiction over this cause of action and the circuit court never had jurisdiction on appeal.  And this defendant attaches hereto and makes a part hereof the original petition of the plaintiff filed in this cause."

On June 20, 1921, the circuit court entered an order for a new bond in the sum of $20,000.  This order was not complied with by the defendant.  On July 18, 1921, the following entry was made:

"F. G. Bonfils, Plaintiff, vs. Martin's Food Service Company, a Corporation, Defendant, No. 139051.

"This matter now coming on for hearing comes plaintiff in person and by attorney, and defendant appears by attorney, and now by leave of court plaintiff files motion to affirm the judgment of the justice of the peace, rendered in this cause, and defendant files motion to dismiss this cause.

"Now defendant's motion to dismiss this cause is by the court heard and overruled; to which ruling of the court defendant excepts.

"Now plaintiff's motion to affirm the judgment of the justice of the peace, rendered in this on the 7th day day of January, 1920, is by the court sustained in all respects, for the reason that defendant has failed to comply with the order of this court of June 20, 1921, requir-

ing defendant to file herein good and sufficient bond in the sum of $20,000; it having been admitted by the parties hereto that defendant did on the 12th day of July, 1921, quit and surrender possession of the premises involved in this cause; to which ruling of the court defendant excepts.

"Wherefore, it is considered, ordered and adjudged by the court that the judgment of the justice of the peace rendered by Casimer J. Welch, justice of the peace, on January 7, 1920, be and the same is in all respects hereby affirmed, which said judgment is in words and figures as follows, to-wit:

" 'Now on this 7th day of January, 1920, this cause coming on to be heard, the defendant, being duly summoned by service of summons, in accordance and compliance with the statute in such cases made and provided, did not appear at the time appointed for hearing the complaint of the complainant. The justice proceeded with the hearing of same and proceeded to examine the complaint and the proofs of the complainant, and being fully advised in the premises, finds the defendant guilty of unlawful detainer in manner and form as charged in the complaint, and does further find that the complainant has sustained damages by reason of the premises to the amount of two hundred and fifty dollars, and also that the value of the monthly rents and profits of said premises is three hundred and fifty dollars. It is therefore ordered by the justice that the complainant have restitution of the premises described in said complaint as found to have been unlawfully detained, to-wit: basement of Bonfils Building at southeast corner of 10th & Walnut Streets, situated on Lot 54, Swope's Addition, as the same is marked and designated on the record of deeds of Jackson County, Missouri, at Kansas City, with all appurtenances and fixtures, and that he have and recover of and from the defendant the sum of $500 for his damages, and also at the rate of seven hundred dollars per month for the rents and profits from this 7th day of

January A. D. 1920, until restitution be made of said premises to the complainant, together with his costs expended herein, taxed at five dollars and forty-five cents.' For all of which let execution issue therefor.''

To this judgment the defendant filed a motion in arrest of judgment, in this language:

''Comes now Martin's Food Service Company, the defendant herein, and moves the court to arrest the judgment rendered in this cause and set same aside for the following reasons:

''1. That the petition of the plaintiff filed herein does not state facts sufficient to constitute a cause of action against this defendant.

''2. That upon the face of the record said judgment is erroneous.

''3. That the court had no legal jurisdiction of the person of the defendant.

''4. That the court had no jurisdiction of the subject of the action.

''5. That said judgment is for a larger amount than that asked for in plaintiff's petition.

''6. That the original cause in this case was, under the law, triable by a jury, and the court record does not show that a jury was waived.

''7. That the petition of plaintiff does not show that the property involved in this action is situated in Kaw Township, Jackson County, Missouri, and fails to show that the justice had jurisdiction, and that this, under the decision of the Kansas City Court of Appeals, in the case of Ellsworth v. Wilhelm, 186 S. W. 1128, is a fatal defect.

''Wherefore, defendant prays that the judgment heretofore rendered in this cause be arrested and for naught held.''

This motion was overruled, and this action of the court was followed by the following application for appeal, which was supported by affidavit:

''Comes now Martin's Food Service Company and respectfully petitions the court to grant an appeal in this

cause from the order overruling the motion in arrest
of judgment to the Supreme Court of Missouri.''

This application was ' sustained and the appeal
granted as therein prayed. No bill of exceptions was al-
lowed or filed. The motion in arrest is found under the
heading ''Record Proper.'' In fact all entries, includ-
ing motion to dismiss, are under this heading. This will
suffice for an outline.

I. We have been unduly prolix in setting out the
record in this appeal. We have made it complete, be-
cause it speaks louder by what is not said, than by what
is said. Respondent stands here upon a motion to dis-
miss the appeal. In fact there are two pending motions
to dismiss the appeal herein. At all points it must be
borne in mind that neither the motion to dismiss the
cause (filed after our previous judgment) nor the motion
in arrest of judgment is preserved by bill of exceptions.
It must be further borne in mind that the record before
us fails to show any appeal from the judgment upon
the merits of the case. There was a judgment upon the
merits, because it appears that the circuit court affirmed
the judgment of the justice of the peace, setting out *in
haec verba* (in the circuit court judgment of affirmance)
the judgment of such justice.

The record proper shows that a motion in arrest of
judgment was overruled, but the record fails to show
the allowance and filing of a bill of exceptions. No claim
is made that there was such action. The application for
an appeal was from the order overruling this motion in
arrest. The appeal was granted as prayed in the appli-
cation. So that we have before us the question whether
or not an appeal will lie from such an order, and such is
one of the grounds of the motion to dismiss this appeal.
In other words the respondent contends (1) that there
is no appeal from the final judgment, and (2) that an ap-
peal will not lie from a mere order overruling a motion
in arrest of judgment, and especially so, when such mo-

tion has not been preserved, by bill of exceptions, for our examination and review. This challenge to the record is made, and no attempt by appellant to show a different record. Of these matters in the next paragraph.

II. Appeals are purely statutory. When one is challenged the party representing the appeal must be able to point to the statute allowing the same. The appeal in this case is from the order overruling the motion in arrest of judgment. It has been well said in State ex rel. v. McElhinney, 241 Mo. l. c. 608:

Appeal: Motion in Arrest.

"Moreover, motions are not original and independent proceedings, such as are required to be brought against an attorney at law to revoke his license. They are only incidental steps taken in all classes of cases pending, and the rulings of the court upon motions are not judgments of the court; they are merely orders, and not appealable from, except where authorized by express statute."

The judgment and orders from which an appeal will lie are specifically outlined in the statute. [R. S. 1919, sec. 1469.] There is no provision for an appeal from an order overruling a motion for new trial, or a motion in arrest of judgment. The order which is appealable is one *sustaining* the motion for new trial, or motion in arrest of judgment. [Lowe v. Frede, 258 Mo. 208, l. c. 210.] It is easy to get the legislative idea of the difference between allowing an appeal from the order, when the motion for new trial, or in arrest of judgment is sustained, and when such motions are overruled. If they or either of them be sustained, then a retrial would follow, and to test the correctness of the first trial the appeal is allowed from an order granting a new trial, or sustaining a motion in arrest. On the other hand, if these motions be overruled, then there will be a final judgment from which the appeal must be taken. These motions are but steps in procedure, but to obviate a

new trial without a test (on appeal) of the rightfulness of the first trial the lawmakers granted an appeal from the order sustaining either the motion for new trial or the motion in arrest. Both motions stand upon the same plane. But if these motions be overruled, then a final judgment is entered, from which an appeal will lie, and there was no reason to provide by statute for an appeal from such orders. This is the reason of the thing, but we need not go to the reason. It suffices to say that the statute makes no provision for an appeal from an order overruling a motion in arrest of judgment. The present appeal being without authority of law should be dismissed.

Appellant might have appealed from the final judgment which we have set out in full in our statement, and had it done so, then absent a bill of exceptions, the record proper would be before us, which of course would include the judgment, as well as the petition upon which it was based.

But appellant did not see fit to appeal from this final judgment, but confined its appeal specially to an order from which an appeal would not lie.

There are several interesting questions suggested by the briefs, but as the appeal must be dismissed, the discussion of them would be mere *obiter*. For the reasons stated the appeal is dismissed. All concur.