STATE OF MISSOURI at the Relation of KANSAS CITY STOCK YARDS COMPANY, a Corporation, Relator, v. FRANCIS H. TRIMBLE, EWING C. BLAND, HENRY L. ARNOLD, Judges of the Kansas City Court of. Appeals, and CHESTER T. WOODCOCK.—62 S. W. (2d) 473.

Division Two, June 24, 1933.*

---

*NOTE:. Opinion filed at October Term, 1932, April 20, 1933; motion for rehearing filed; motion overruled at May Term, June 24, 1933.

52

*Borders, Borders & Warrick* and *Cornelius Roach, Jr.,* for relator.

*Grover Childers* for respondents.

FITZSIMMONS, C.—The question for decision is whether we should issue our peremptory writ of mandamus against respondents, the judges of the Kansas City Court of Appeals. Our alternative writ commanded them to set aside an order of their court dismissing an appeal and to reinstate the cause for decision on its merits or that they show cause why they should not do so. Respondents having filed their return to the alternative writ, relator filed its motion for judgment upon the pleadings.

The issue is whether the Kansas City Court of Appeals had jurisdiction of a certain cause in which Chester T. Woodcock, one of the respondents here, was plaintiff and respondent there, and Kansas City Stock Yards Company, relator here, was defendant and appellant there. Judgment having been rendered in the Jackson County Circuit Court in the sum of $300 against relator, Kansas City Stock Yards Company, there was filed on behalf of that company in the trial court a certain application and affidavit for appeal, the

jurisdictional validity and sufficiency of which is the precise question before us. The application and affidavit for appeal are as follows:

"Application and Affidavit For Appeal.

"Comes now the defendant in the above entitled cause, and moves the court to grant it an appeal from the judgment and orders of the court in overruling defendant's motion for a new trial and in arrest, to the Kansas City Court of Appeals at Kansas City, Missouri.

"(Signature of Attorneys)

"Attorneys for Defendant.

"State of Missouri, County of Jackson, ss.

"(Name of Attorney) of lawful age, being duly sworn, on his oath states that he is one of the attorneys and agents for the defendant in the above entitled cause, and is duly authorized to and does make this affidavit for and on behalf of said defendant. Affiant further states that the appeal taken on behalf of said defendant herein is not taken for vexation or delay, but because the affiant believes in truth and in fact that appellant is aggrieved by the ruling and decision of this court overruling defendant's motion for a new trial and motion in arrest of judgment.

"(Signature of Affiant and jurat of Notary.)"

It is conceded that mandamus is the proper remedy to compel an inferior court to exercise jurisdiction of a cause properly before it. [State ex rel. Kansas City Light and Power Company v. Trimble et al., 303 Mo. 284, 258 S. W. 696.]

■ I. It has been ruled often that the right of appeal is purely statutory. Section 1018 (2 Mo. Stat. Ann. 1929, p. 1286), specifies the judgments and orders from which an appeal may be taken. The parts of that statute, pertinent to this case, are: "Any party to a suit aggrieved by any judgment of any circuit court in any civil cause from which an appeal is not prohibited by the Constitution, may take his appeal to a court having appellate jurisdiction from any order *granting* a new trial, or in arrest of judgment, . . . or from any final judgment in the case." Section 1020 provides that "no such appeal (that is an appeal taken under authority of Section 1018) shall be allowed unless: First, it be made during the term at which the judgment or decision appealed from was rendered; and, second, the appellant or his agent shall, during the same term, file in the court his affidavit, stating that such appeal is not made for vexation or delay, but because the affiant believes that the appellant is aggrieved by the judgment or decision of the court." These statutes define and limit the right of appeal and fix the conditions. It will be observed that the statutes do not give to an aggrieved party a right of appeal from an order overruling a motion for a new trial or in arrest of judgment but do give that right of appeal from an

order sustaining such a motion. ■ It will also be observed that a written application for an order of allowance of appeal is not among the conditions but that an affidavit in a stated formula is a condition. The attorney for relator, by his affidavit for appeal, took an appeal from "the ruling and decision of this court overruling defendant's motion for a new trial and motion in arrest of judgment," which was an appeal not authorized by Section 1018. And by way of meeting the condition fixed by Section 1020, for the allowance of the appeal he made and caused to be filed in the trial court an affidavit which does not conform to the statute. In this state of the case he did not in fact take an appeal authorized by law. The Kansas City Court of Appeals did not obtain jurisdiction of the cause, and that court rightly dismissed the appeal. This conclusion is in harmony with prior decisions of this court.

In the case of Bonfils v. Martin's Food Service Co., 299 Mo. 500, 253 S. W. 982, appellant took an appeal to the Supreme Court from the order overruling the motion in arrest of judgment. This court dismissed the appeal because it was without authority of law. The court en banc in its opinion made clear the legislative idea in making a distinction in the allowance of appeals between orders sustaining and orders overruling motions for a new trial and in arrest. The words of the court are as follows: "It is easy to get the legislative idea of the difference between allowing an appeal from the order, when the motion for new trial, or in arrest of judgment is sustained, and when such motions are overruled. If they, or either of them be sustained, then a retrial would follow, and to test the correctness of the first trial the appeal is allowed from an order granting a new trial, or sustaining a motion in arrest. On the other hand, if these motions be overruled, then there will be a final judgment from which the appeal must be taken. These motions are but steps in procedure, but to obviate a new trial without a test (on appeal) of the rightfulness of the first trial the lawmakers granted an appeal from the order sustaining either the motion for a new trial or the motion in arrest. Both motions stand upon the same plane. But if these motions be overruled, then a final judgment is entered, from which an appeal will lie, and there was no reason to provide by statute for an appeal from such orders. This is the reason of the thing, but we need not go to the reason. It suffices to say that the statute makes no provision for an appeal from an order overruling a motion in arrest of judgment. The present appeal being without authority of law should be dismissed."

In the case of Arcadia Timber Co. v. Evans, 304 Mo. 674, 264 S. W. 810, the appellant took an appeal from an order overruling a motion for a new trial. For this and other reasons appearing in the record the Supreme Court dismissed the appeal. The Kansas City

Court of Appeals, in its opinion dismissing the appeal in the case of Woodcock v. Kansas City Stock Yards Company, cited the Bonfils and the Arcadia Timber Company cases as authorities for its action. In the case of Bonanomi v. Purcell, 287 Mo. 436, 230 S. W. 120, there were cross-appeals to this court. Plaintiff appealed from an order overruling his motion for a new trial and to set aside an involuntary nonsuit as to one defendant. This appeal was dismissed because it was not authorized by statute. Under a like state of facts this court made a like order in the case of Wehrs v. Sullivan et al. (King & King, interveners and appellants), 187 S. W. 825. The appellants in the last named case were a firm of lawyers who appealed from an order overruling their motion for a new trial of their claim for fees for services, the judgment of the trial court having disallowed their claim. Other cases, of which there are many, might be cited to show that this court consistently has dismissed appeals from orders which do not fall within any of the classes specified in Section 1018. But they would be but cumulative and quite unnecessary.

II. Relator in support of the issuance of a peremptory writ cites cases which are not in point. In the case of Kennedy v. Bowling, 319 Mo. 401, 4 S. W. (2d) 438, the trial court sustained defendants' motion for a new trial and in arrest of judgment. Plaintiffs appealed and in their affidavit for appeal they followed the language of Section 1020 and referred to the matter appealed from and by which they were "aggrieved" as the "judgment and decision of the court." Defendants complained that the affidavit for appeal was from the judgment and not from the order granting a new trial. The court en banc, adopting that part of the divisional opinion, rightly ruled that objection against the defendants. In that case the order sustaining the motion for a new trial was an appealable one under Section 1018 and the affidavit was in the formula of Section 1020 for all appeals allowable under Section 1018.

Cassidy v. City of St. Joseph, 247 Mo. 197, 152 S. W. (2d) 306, upon which relator relies merely decided that the omission of the word "vexation" in an affidavit of appeal otherwise complying with Revised Statutes 1909, section 2040 (1020, R. S. 1929) requiring appellant to file an affidavit stating that the appeal is not made for vexation or delay, is a clerical error, which is a mistake in copying or writing, and the affidavit on an amendment is sufficient to give jurisdiction on appeal in the absence of timely objection. In the instant case the fault of relator's affidavit was not "the accidental omission of something the scrivener intended to write," which "it would require evidence to convince us that it was his deliberate intentional act," as this court said in the Cassidy case. The affidavit here is defective not alone for its omission of words but for its deliberate and

intentional use of phrases which do not fulfill the conditions for appeal fixed by the statute.

The Kansas City Court of Appeals, in its opinion supporting its order of dismissal of relator's appeal properly distinguished several Supreme Court cases which relator urges upon us as authority for a peremptory writ. In the St. Louis Bridge & Construction Co. v. The Memphis, Carthage & Northwestern Co., 72 Mo. 664, the respondent objected, after the cause had been submitted, that the affidavit for appeal recited "that plaintiff feels aggrieved," instead of "that 'affiant believes that the appellant is aggrieved,' " etc. This point was ruled against the respondent. In the case of Cooley v. Kansas City P. & G. R. Co., 149 Mo. 487, 51 S. W. 101, in which this court adopted the opinion of the Kansas City Court of Appeals, it appeared that, upon a former appeal, the appellate court reversed and remanded the cause. When it came on for trial a second time, defendant moved to dismiss the cause for the reason that a jurat had not been attached to the affidavit of appeal, and therefore, that the Court of Appeals had not had jurisdiction. The trial court after taking testimony to the effect that counsel for appellant had in fact sworn to the affidavit and that the clerk, by oversight, had omitted to attach his jurat, permitted the jurat to-be added and overruled the motion to dismiss. Upon the second appeal, the question of jurisdiction of the first appeal was ruled adversely to the party raising it. In the case of Causey v. Wittig, 321 Mo. 358, 11 S. W. (2d) 11, the appeal affidavit was in regular form but it did not bear the signature of the affiant. However there was attached to it the seal of the circuit court and the signature of the clerk and his jurat reciting that the affidavit was subscribed and sworn to before him on a stated day. This court properly overruled the motion to dismiss the appeal. All of these cases are instances of those "clerical errors" of which the Cassidy case, supra, is an example and all of which are distinguishable from the case under examination.

■ III. Relator urges that "the question as to what judgment or order is appealed from is conclusively determined by the contents of the certified copy of the record entry of the judgment appealed from required by Section 1028, Revised Statutes 1929." This record entry as well as the certified copy of it were, of course, made by the Clerk of the Circuit Court of Jackson County. This point is expressly ruled against relator in one of the cases upon which he mainly relies. That case is Cassidy v. City of St. Joseph, supra, 247 Mo. 197, 152 S. W. 306, 1. c. 308, in which this court said: "It is now the settled doctrine of this court that the order of the circuit court granting an appeal, whatever may be its recitals, does not confer jurisdiction upon the appellate court in the absence of a sufficient af-

fidavit to support such appeal. It is evident that to fill this requirement the affidavit must state, in substance, all that the statute requires, or must show on its face such an attempt to comply in good faith with all the statutory requirements as will impose upon the respondent the burden of making known his objections in time to prevent unnecessary loss and expense should it be held insufficient.''

Relator makes other contentions which are but variations of the points already considered. In support of them he marshals the cases already noticed. We are of opinion that the alternative writ of mandamus should be quashed and the peremptory writ denied.

It is so ordered. *Cooley* and *Westhues*, *CC.*, concur.

PER CURIAM:—The foregoing opinion by FITZSIMMONS, C., is adopted as the opinion of the court. *Leedy*, *J.*, not sitting; *Ellison*, *P. J.*, and *Tipton*, *J.*, concur.