IDA BOYD, Appellant, v. LOGAN JONES DRY GOODS COMPANY, a Corporation.—74 S. W. (2d) 598.

Division One, September 18, 1934.*

*Barnett & Coolidge* and *Thomas & Flora* for appellant.

*Harris & Koontz* for respondent.

HYDE, C.—This case, coming recently to the writer, is an action for $10,000 damages for the death of plaintiff's husband, alleged to have been caused by the negligence of defendant in the construction and maintenance of a stairway. The trial court sustained a de-

*NOTE: Opinion filed at May Term, 1934, June 12, 1934; motion for rehearing filed; motion overruled July 17, 1934; motion to transfer to Court en Banc filed; motion overruled at September Term, September 18, 1934.

murrer to plaintiff's evidence. Plaintiff took an involuntary non-suit, thereafter filed a motion to set it aside, which was overruled, and then appealed, as to all of which the record shows the following:

"May 19th (being a regular term day of the May Term, 1931)— 'Now, on this 9th day of May, the same being a regular term day of the May Term, 1931, of this court, comes on again for trial the above-entitled cause, pursuant to adjournment thereof, on May 18th, 1931, and comes the jury impaneled herein on said May 18th, 1931, and come the parties by their attorneys, and the parties submit opening statements to the jury, and the plaintiff submits evidence to sustain the issues of her petition herein, and at the close of the plaintiff's evidence, the defendant requests the court to give a peremptory instruction in favor of the defendant, in the nature of a demurrer to plaintiff's evidence, which instruction, over the objection of the plaintiff, the court gives.

" 'Thereupon, the plaintiff excepts to the giving of said instruction of the court, and, thereafter, and before said instruction is read to the jury, the plaintiff prays the court to enter an involuntary nonsuit herein, with leave to move to set aside the same, *which involuntary nonsuit, with leave to move to set the same aside, is ordered entered by the court.* And, thereafter, the jury is discharged by the court from further consideration of said cause.'

"May 21st (being a regular term day of the May Term, 1931)— Plaintiff files motion to set aside involuntary nonsuit.

"June 20th (being a regular term day of the May Term, 1931)— Plaintiff's motion to set aside involuntary nonsuit is by the court heard and overruled, to which ruling plaintiff excepts. Forthwith, plaintiff files her application and affidavit for *an appeal from the order of the court overruling her motion to set aside the involuntary nonsuit in said cause, and the court grants and allows said appeal* to the Supreme Court of Missouri, *as prayed.* And it is further ordered by the court that the plaintiff be given until the time required by law to file her bill of exceptions herein."

The application and affidavit for appeal was as follows:

"Comes now the plaintiff in the above-entitled cause and shows to the court that she has filed herein an affidavit for appeal and prays the court to grant her *an appeal from the order of this court overruling plaintiff's motion to set aside her involuntary nonsuit taken herein,* to the Supreme Court of Missouri.

" (Signatures of attorneys for plaintiff.) "

"State of Missouri, County of Jackson, ss.

"Ida Boyd, plaintiff herein, being duly sworn, makes oath and states that she is plaintiff and appellant herein and that the appeal prayed for in the above cause is not made for vexation or delay but because appellant and affiant believes that she is *aggrieved by the*

*order of the court overruling her motion to set aside the involuntary nonsuit.*

"(Signature of affiant and jurat of notary.)"

The first duty of this court in any case, whether the question is raised or not, is to see if it has jurisdiction. Since the right of appeal, an actions at law, did not exist at common law but is conferred solely by statute, this court has no authority to act on appeals beyond the provisions made by the Legislature. [Stephens v. Oberman Manufacturing Co., 334 Mo. 1078, 70 S. W. (2d) 899, and cases cited.] Since no right of appeal exists except as provided by statute, a compliance with mandatory statutory procedure is essential. Section 1018, Revised Statutes 1929, establishes the right of appeal to this court and states the judgments and orders which are appealable. An appeal lies from an order *sustaining* a motion to set aside an involuntary nonsuit because it is in effect an order granting a new trial which is covered by the statute, but no appeal is provided therein from an order *overruling* a motion to set aside an involuntary nonsuit, and none lies. [Bonanomi v. Purcell, 287 Mo. 436, 230 S. W. 120; State ex rel. Kansas City Stock Yards Co. v. Trimble, 333 Mo. 51, 62 S. W. (2d) 473.] The record here shows that it was only, from the order overruling her motion to set aside the involuntary nonsuit, that plaintiff sought an appeal. Her application so states, but what makes the matter conclusive is that her affidavit for appeal states that *"she is aggrieved by the order of the court overruling her motion to set aside the involuntary nonsuit."*

A written application for an appeal is not required and may be disregarded but the affidavit required by the statute is jurisdictional. Therefore, the identification of the order, sought to be appealed from, must be determined by the statements of the affidavit. [Pence v. Kansas City Laundry Service Co., 332 Mo. 930, 59 S. W. (2d) 633; State ex rel. Kansas City Stock Yards Co. v. Trimble, 333 Mo. 51, 62 S. W. (2d) 473.] It also appears that the order allowing the appeal herein grants the appeal from the order overruling plaintiff's motion to set aside the involuntary nonsuit so that, upon the record presented here, there is nothing before this court. In the Pence case this court said: "Of course, if the order itself purports to allow an appeal in an nonappealable matter, its invalidity is apparent. . . . Such an order would be void on its face because its very terms would disclose an attempt to grant an appeal in a nonappealable matter." We must, therefore, dismiss plaintiff's appeal.

There may be a reason why no appeal could have been granted at all in this case, at the time the order was made, since the record furnished here does not contain an actual final judgment of nonsuit. It is shown that at the trial an "involuntary nonsuit with leave to

move to set the same aside *is ordered entered* by the court;'' that plaintiff's motion to set aside was filed; that this motion was overruled; and that forthwith plaintiff applied for and was granted an appeal from the order overruling that motion. A plaintiff may appeal from a judgment rendered upon an involuntary nonsuit which finally dismisses his case and discharges the defendant because it is a final judgment. [Chouteau v. Rowse, 90 Mo. 191, 2 S. W. 209; Nivert v. Wabash Railroad Co., 232 Mo. 626, 135 S. W. 33; Lyons v. Rollinson, 109 Mo. App. 68, 82 S. W. 646; Leesley Bros. v. Rebori Fruit Co., 162 Mo. App. 195, 144 S. W. 138; American Car & Foundry Co. v. Kettelhake, 236 U. S. 311, 35 Sup. Ct. 355, 59 L. Ed. 594.] There is no final judgment, from which an appeal will lie, where the record only shows that the court sustained a demurrer and that a plaintiff took an involuntary nonsuit with leave to move to set the same aside, without a further entry dismissing the case or discharging the defendant. [Lyons & Reesman v. Rollinson, 109 Mo. App. 68, 82 S. W. 646.] Under our practice, a timely motion (one filed within four days) prevents the entry of a final judgment until the court disposes of it. A judgment, final in form, may be entered either immediately after the verdict is received (which is a common practice) or after the motion is overruled. Regardless of which time it is entered it is not a final judgment until the motion for new trial, motion in arrest, motion *non obstante veredicto*, or motion to set aside an involuntary nonsuit (as the case may be) is overruled. [Stephens v. Oberman Manufacturing Co., 334 Mo. 1078, 70 S. W. (2d) 899; Cox v. Schaab Stove & Furniture Co., 332 Mo. 492, 58 S. W. (2d) 700 (Mo. App.), 67 S. W. (2d) 790; Romine v. Haag (Mo.), 178 S. W. (2d) 147; Young v. Downey, 150 Mo. 317, 51 S. W. 751.] All of these motions and the orders disposing of them ''are but steps leading to the final judgment which follows and from which an appeal is expressly given.'' [Pence v. Laudry Co., supra.] Necessarily, a final judgment cannot be entered before such motions are ruled, because if any of these motions are sustained the statute allows an appeal to be taken, to test the correctness of such ruling, before a final judgment is entered. If the appellate court finds the ruling correct the result will usually be a new trial; if it finds the ruling wrong it will reverse it and usually order a final judgment entered; but in either case something remains to be done before there actually is a final judgment. What further rights plaintiff may have depends upon the actual state of the trial court's record.

The appeal herein is dismissed. *Ferguson* and *Hyde, CC.*, concur.

PER CURIAM:—The foregoing opinion by HYDE, C., is adopted as the opinion of the court. All the judges concur.