ALBIN S. PILKINGTON, RESPONDENT, v. JULIET WOOD PILKINGTON, APPELLANT.—93 S. W. (2d) 1068.

Kansas City Court of Appeals.   May 4, 1936.

*James B. Nourse* for respondent.

*Flavel Robertson* and *Kenneth I. Fligg,* for appellant.

REYNOLDS, J.—The respondent, Albin S. Pilkington, as plaintiff, on August 8, 1935, filed his petition in the Circuit Court of Jackson County at Kansas City for divorce from the appellant, Juliet Wood Pilkington, as defendant.

The petition charges as ground for divorce that the defendant, wholly disregarding her duties as the wife of the plaintiff, had been guilty of and had offered plaintiff such indignities as to render his condition intolerable and that she had absented herself without a

reasonable cause for the space of more than one year. It further charges that defendant had been guilty of such conduct toward him as to amount to mental cruelty and to render his condition in life intolerable.

The defendant failed to demur to the petition or to make any motion to require plaintiff to make it more specific or more definite and certain or to set forth more fully the conduct of defendant complained of as indignities but answered it—admitting the marriage and admitting that she had thereafter lived with plaintiff as her husband until during the year 1928; that there was born of the marriage one child at the time of the filing of the answer, seventeen years of age, named Jack Pilkington; that she was a resident of the State of Alabama—and denied each and every other allegation of the petition.

By an amended answer, she further set up that she had been at expense in the employment of attorneys and in attending the trial, approximating $350, which she had no means of defraying, and asked to be allowed such sum or such sum as the court might deem reasonable and just.

To defendant's amended answer, the plaintiff made reply, in substance a general denial.

Upon a trial had on December 30, 1935, at the November term of the court, defendant, at the conclusion of plaintiff's evidence, requested an instruction in the nature of a demurrer to the evidence, which demurrer the court granted; and, at the same time, the court gave plaintiff leave to file an amended petition to conform to the proof, adding that it would still grant the demurrer. Thereafter, on the same date, in pursuance of the leave granted by the court, plaintiff filed his first amended petition to conform to the proof, which more specifically set out the acts and conduct of the defendant constituting the indignities complained of and charged that the defendant had absented herself without a reasonable cause for the space of one year and more next before the filing of the original petition and that plaintiff and defendant had lived apart since the year 1928.

No objection was made to the filing of such amended petition or exceptions saved thereto by the defendant nor to the order of the court granting leave to the plaintiff to file such amended petition.

An examination of the amended petition and the record sufficiently shows that the allegations of the amended petition conform to the proof made upon the trial.

After the filing of the amended petition, the case was re-opened for the sole purpose of hearing defendant's evidence relating to her expense as set out in her answer; and she was called and sworn as a witness in her own behalf and testified with reference thereto.

At the conclusion of her testimony and of the case, the plaintiff requested that he be permitted to dismiss his petition without prejudice, which request, upon objection by defendant's counsel, was

refused. The plaintiff thereupon took an involuntary nonsuit with leave to move to set the same aside, and the court entered judgment for defendant in the sum of $150 for expense money.

Thereafter, on December 31, 1933, at the same term of court, plaintiff filed his motion to set aside the involuntary nonsuit taken with leave, upon grounds set forth in said motion. Thereafter, on the same date, plaintiff filed his motion for a new trial upon practically the same grounds as those set forth in his motion to set aside the involuntary nonsuit, except that, in said motion for new trial, it was further alleged that the judgment was against the evidence, the weight of the evidence, and the law under the evidence and that the judgment of the court was for the wrong party and the expenses allowed were excessive.

Thereafter, on January 4, 1936, at the same term of court, defendant refiled, as her answer to the plaintiff's amended petition, her amended answer filed to the original petition, to which answer plaintiff again filed reply.

Thereafter, on January 10, at the same term of court, plaintiff's motion to set aside the involuntary nonsuit was sustained; and, likewise, plaintiff's motion for a new trial was at the same time sustained and a new trial ordered.

From the orders of the court sustaining plaintiff's motion to set aside the involuntary nonsuit and sustaining the plaintiff's motion for a new trial and granting a new trial, the defendant prosecutes this appeal.

Plaintiff and defendant were married during the year 1908 at Lexington, Kentucky, where they afterward resided until the year 1914, when they moved to the State of Alabama where for a time they lived and resided on a plantation. Defendant became desirous of entering the hotel business, with the result that she leased a hotel in Uniontown, Alabama, which she later purchased, into which she and plaintiff removed as their home; and she undertook its management and operation. The plaintiff assisted her in many substantial ways, although he continued to operate his plantation.

Upon moving into the hotel, plaintiff and defendant occupied as their living quarters two adjoining rooms with a connecting door between. For a while, everything moved along agreeably. However, after a time, defendant began gradually to assume a changed attitude toward plaintiff and began to visit indignities of one character and another upon him. The record shows that she was guilty of unmerited contemptuous conduct toward him, amounting to a species of mental cruelty. She was guilty of open association with another man by the name of Wiley, who was a frequent patron of the hotel, by which association she was brought into disrepute in the community and plaintiff was sorely humiliated. She forced plaintiff to vacate his room and had Wiley occupy the same while at the hotel.

She refused to speak to plaintiff for weeks at a time when he was around and treated him with great incivility. She refused to wear the wedding ring he had given her and refused to use his name. She left the dining table when he came to it and refused to eat at the table with him. She was heard to complain to him that she did not want him around the hotel and that she wanted him to take his things away and to stay away. The evidence shows that she was upon very friendly terms with Wiley, made trips out with him in a car at various times, and on one occasion remained out with him as late as midnight or one o'clock in the morning. She was in the habit of meeting him at different places and spending as much time with him as possible when he was stopping at the hotel, and she gave him every attention.

It is unnecessary here to set out in detail the evidence introduced on the trial.

### OPINION.

1. The defendant complains of the action of the court in permitting the plaintiff to file his amended petition to conform to the proof at the close of the case and in sustaining plaintiff's motion to set aside the involuntary nonsuit taken by him at the close of the case, after the court had sustained a demurrer to the evidence. She contends that the amended petition substantially changed the plaintiff's cause of action from that stated in the original petition and that the action of the court in permitting it to be filed was erroneous.

The defendant is not now in any position to urge error in this court upon the part of the court below in permitting the plaintiff to file his amended petition. Such contention is not now open to her in this court.

It is the established rule that an objection to the filing of an amended petition should be made when leave to file the same is asked or granted and that, in order to avail himself of error in the filing of an amended petition by a plaintiff, the defendant should stand on the rule. He waives the objection by answering such amended petition or going to trial thereon. [Lee v. W. E. Fuetterer Battery & Supplies Co., 323 Mo. 1204, 23 S. W. (2d) 45.]

The record herein fails to show that defendant made any objection to the order of the trial court granting leave to plaintiff to file his amended petition or that she filed any exceptions to the making of any such order. It likewise fails to show any objection by defendant to the filing of the amended petition when filed or any exceptions to the action of the court in permitting it to be filed; but, on the other hand, the record shows that the defendant, without any objection to said petition by demurrer, motion to strike, or otherwise, at once made answer thereto.

It follows, therefore, that defendant can not urge in this court a review of the action of the court below in permitting the filing of the

amended petition or of its action in granting leave therefor. Neither can she now complain of such amended petition.

However, the action of the court in permitting the filing of such petition and in granting leave therefor is especially authorized by the provisions of Section 819, Revised Statutes 1929, of the Civil Code of this state, as follows: "The court may, at any time before final judgment, in furtherance of justice, and on such terms as may be proper, amend any—pleading—by inserting other allegations material to the case, or when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved."

Moreover, an examination of both the original and the amended petitions shows that there is no departure by the amended from the original. Both petitions are based on identical causes of action for indignities offered and abandonment without cause. The amended petition is merely more definite and certain and specifically embraces the conduct of defendant constituting indignities and abandonment complained of, which were developed in evidence upon the trial. True, the original petition was inartificially drawn; and the acts of defendant therein complained of as indignities and the charge as to abandonment were imperfectly stated; but such allegations were amendable in both particulars, both as to the indignities charged and the charge of abandonment, so as to cover the conduct of defendant toward plaintiff as shown by the evidence.

Moreover, the original petition was not objected to in any manner by defendant as insufficient. There was no demurrer to it filed by defendant and no motion to require that it be made more definite, specific, and certain; but, on the contrary, defendant made answer to it as a petition sufficient in all respects and proceeded to trial of the case on the theory that it was sufficient in all particulars.

The defendant having thus treated the petition as sufficient to support the issues as to indignities offered and as to abandonment, there is nothing for this court to do but to treat it in the same way. [Harmon v. United Railways Co. of St. Louis, 163 Mo. App. 442, 143 S. W. 1114; Schneider v. Missouri Pacific Railway Co., 75 Mo. 295; Conrad v. De Montcourt, 138 Mo. 311, 39 S. W. 805.]

2. As to defendant's complaint that the court erred in sustaining plaintiff's motion to set aside the order of involuntary nonsuit and in granting a new trial, the record does not show upon what grounds assigned by plaintiff in his motion to set aside the order of involuntary nonsuit taken by him that such motion was sustained. Neither does it show on what grounds assigned by plaintiff in his motion for new trial such motion for new trial was sustained and a new trial ordered. The grounds assigned by plaintiff in his motion to set aside the involuntary nonsuit and the grounds assigned by him in his motion to set aside the judgment entry for new trial were identi-

cal, except that in the latter motion the plaintiff assigned the additional grounds that the judgment of the court is against the evidence, the weight of the evidence, and the law under the evidence and that it was for the wrong party and that it was excessive in the amount of the expense allowed.

The motion to set aside an involuntary nonsuit is to be regarded as a motion for a new trial. [Boyd v. Logan Jones Dry Goods Co., 74 S. W. (2d) 598, 335 Mo. 947.]

The appeal herein is from the order of the trial court sustaining the motion to set aside the involuntary nonsuit and from the order granting a new trial.

The provisions of Section 1003, Revised Statutes of 1929, requiring every order for a new trial to specify of record the ground or grounds assigned in the motion therefor on which it is granted, seem to be more honored in their breach than in their observance. However, an order granting a new trial will be sustained if it appears that it should be upon any grounds set forth in the motion, regardless of the fact that the order granting a new trial fails to state the grounds upon which it is based. [Metropolitan Lead & Zinc Mining Co. v. Webster, 193 Mo. 351, 92 S. W. 79.]

Both the motion to set aside the involuntary nonsuit and the motion for a new trial were fully justified on the grounds set forth in each, to the effect that the court erred in denying plaintiff the right voluntarily to dismiss his petition, if not upon other grounds set out therein; and the action in sustaining such motion may be fully justified upon such grounds. The plaintiff was entitled voluntarily to dismiss his petition at any time before the case was submitted for final judgment (Section 960, R. S. 1929; Mayer v. Old, 51 Mo. App. 214) ; and the trial court erred in denying him such right.

The fact that, at the close of plaintiff's evidence, the court may give an instruction in the nature of a demurrer does not militate against such right where no final judgment has been entered upon the demurrer at the time dismissal is sought. [Mayer v. Old, supra.]

Moreover, an examination of the evidence in the record in this case discloses facts the existence of which clearly entitles plaintiff to a divorce from the defendant upon the ground of indignities; and the trial court erred in granting defendant's instruction in the nature of a demurrer, forcing plaintiff to an involuntary nonsuit.

3. The defendant complains of the admission in evidence by the trial court of a newspaper article from a New Orleans paper and complains that its admission was erroneous in that it was mere hearsay. However, the record shows that this article was delivered to the plaintiff by the defendant herself. She herself thus published it. There is no disclaimer of its truthfulness by her shown in the record. We think it was clearly admissible, to be given such weight as the court might accord it. However, it may be eliminated from con-

sideration, and there yet remain abundant facts upon which a divorce for plaintiff might be predicated.

4. It is contended by defendant that the separation between plaintiff and defendant was by consent and that, therefore, plaintiff is not entitled to procure a divorce against defendant. However, we do not so read the record. It is true that plaintiff was led, upon cross-examination by defendant's attorney, to state as a conclusion, in answer to a question, that they separated by mutual consent; but plaintiff's entire testimony, when considered as a whole, shows to the contrary and shows that plaintiff was forced from his home by reason of the indignities heaped upon him by defendant through a period of time, which made it impossible for him to remain at home or to live with the defendant as her husband. It is clear from his entire testimony that he did not mean by his answer to said question that the separation had been upon an agreement between them so to do without cause, but, at most, meant only that there was no weeping or wailing, gnashing of teeth or blood shed over his departure.

5. The granting of a new trial rests within the sound discretion of the trial court; and its action in that respect will not be disturbed on appeal, unless it appears that its discretionary power was abused i. e., exercised in an arbitrary or improvident manner. [Rodan v. St. Louis Transit Co., 207 Mo. 392, 105 S. W. 1061.]

After reading the record, we are of the opinion that the trial court did not abuse its discretion in setting aside the order of involuntary nonsuit which it had erroneously forced upon the plaintiff and in granting plaintiff a new trial; but, upon the other hand, it exercised a wise discretion. We will not interfere with it in such regard. It would have been an abuse of discretion under the record for it to have denied either.

6. The defendant further assigns error in the admission of incompetent, irrelevant, and immaterial evidence upon the trial, offered by plaintiff and objected to by defendant.

Standing alone, such assignment presents nothing for our review Our attention is nowhere in such assignment directed to the evidence complained of. However, under the heading, "Points and Authorities," in defendant's brief, our attention is called to a newspaper article, offered in evidence by plaintiff and admitted by the court to which objection was made upon the trial that it was hearsay; and here the action of the trial court in so admitting the same is charged to be erroneous. Such objection may be considered as already disposed of herein adversely to defendant's contention by what was said in paragraph 3 of this opinion.

Our attention is nowhere directed in the brief to any other evidence offered by plaintiff and admitted on the trial to which objection is made.

7. The order and judgment of the trial court in sustaining plaintiff's motion to set aside the involuntary nonsuit taken by him and in granting an order setting aside such nonsuit are affirmed, as is likewise its order sustaining plaintiff's motion for a new trial and ordering a new trial. All concur.